J-S59032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE MANUEL SANTIAGO, | |
| Appellant | No. 808 EDA 2014 |

Appeal from the PCRA Order Entered February 26, 2014
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002649-2011,
CP-15-CR-0002721-2010

BEFORE:  SHOGAN, LAZARUS, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 07, 2014**

Jose Manuel Santiago (Appellant) appeals from the February 26, 2014 order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We remand with instructions.

The PCRA court summarized the facts of the case as follows.

> On March 26, 2012, Appellant pled guilty to three counts of rape, three counts of involuntary deviate sexual intercourse, and one count of aggravated indecent assault.[1]  At his plea hearing, Appellant admitted that he engaged in sexual intercourse and deviate sexual intercourse with his daughter and with two of his nieces, all of whom were minors at the time of his crimes.  He also admitted to digitally penetrating the genitals

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In exchange for his guilty pleas to these counts, the Commonwealth withdrew over 1,600 additional counts against Appellant.  N.T., 3/26/2012, at 12.

of another daughter, who was also a minor at the time of the crime. He was sentenced that day to a term of imprisonment of twelve and one-half to twenty-five years.

On February 21, 2013, Appellant filed a *pro se* PCRA petition. [The PCRA court] appointed him PCRA counsel on February 27, 2013. On April 29, 2014, counsel moved to withdraw his representation, having found no issue that would entitle Appellant to post-conviction relief. [The PCRA c]ourt also conducted an independent review of the file and of the record, which review revealed that Appellant's plea was entered into knowingly, voluntarily and intelligently, and that his sentence was legal. Thus, on June 6, 2013, [the PCRA court] entered an order giving Appellant the mandatory twenty day notice of [its] intention to dismiss his PCRA petition without a hearing.

Appellant responded to this notice on June 27, 2013. In his response he raised a somewhat ambiguous claim that he requested his trial counsel to file a direct appeal of his sentence. … Accordingly, [the PCRA court] scheduled a hearing on this issue [alone and ordered PCRA counsel to continue to represent Appellant].

Appellant's PCRA hearing was held on October 1, 2013. The evidence presented at the hearing revealed that Appellant never requested his trial counsel to file a direct appeal of his sentence. For that reason, on February 26, 2014, [the PCRA court] denied Appellant's petition under the [PCRA]. …

PCRA Court Opinion, 4/7/2014, at 1-2 (citations to the record omitted).

Appellant, *pro se*, filed a notice of appeal on March 6, 2014. On March 18, 2014, the PCRA court entered orders (1) granting PCRA counsel leave to withdraw, and (2) requiring Appellant to file a concise statement of errors complained of on appeal. On April 1, 2014, Appellant filed a statement. The PCRA court filed its opinion on April 7, 2014.

Before considering the merits of Appellant's issues, we address the awkward procedure by which they have come before us.

- 2 -

First, Appellant was represented by counsel at the time he filed the notice of appeal. Generally, such hybrid representation is not allowed, and *pro se* filings by represented parties are considered legal nullities. **See, e.g., Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (holding *pro se* 1925(b) statement filed by an appellant who was represented by counsel on appeal was a legal nullity). However, our Supreme Court has held that a *pro se* notice of appeal from a final judgment filed by a represented appellant is not automatically void. **Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011) (holding Superior Court erred in declining to address the merits of *pro se* appeal after subsequently-filed counseled appeal was dismissed as duplicative). Given that Appellant clearly wished to appeal the dismissal of his petition and that the PCRA court granted counsel leave to withdraw before counsel effectuated Appellant's wishes, we decline to dismiss this appeal for want of a valid notice of appeal.

Second, we are presented with Appellant's rambling *pro se* brief, which fails in many respects to comply with the Rules of Appellate Procedure, because the PCRA court permitted counsel to withdraw his representation after the notice of appeal was filed. For the following reasons, we hold that the PCRA court erred in so doing.

> [B]efore an attorney can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file **and obtain approval of** a 'no-merit' letter pursuant to the mandates of [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)].

***Commonwealth v. Willis***, 29 A.3d 393, 400 (Pa. Super. 2011) (quoting

***Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003))

(emphasis added).

> The ***Turner/Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court… then must conduct its own independent evaluation of the record **and agree with counsel that the petition is without merit**.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012)

(emphasis added).

Although not directly on point, this Court's application of these

principles in ***Commonwealth v. Jackson***, 965 A.2d 280 (Pa. Super. 2009),

is instructive. In that case, Jackson's initial PCRA petition was dismissed and

counsel, who had filed a ***Turner/Finley*** letter and corresponding motion,

was permitted to withdraw. This Court affirmed. Jackson filed a second

PCRA petition, which the PCRA court dismissed without a hearing. On appeal

from the dismissal of the second petition, this Court reversed and remanded

for a hearing. Counsel was appointed. Following the hearing, the PCRA

court dismissed Jackson's petition and permitted counsel to withdraw, and

Jackson again appealed. This Court held that the appointment of Jackson's

counsel for representation at the evidentiary hearing applied "throughout the

litigation of the issue. Such litigation necessarily includes the appeals process." *Id.* at 284. Therefore, this court determined that the PCRA court erred in relieving counsel of his duties prior to the conclusion of the litigation. Accordingly, we remanded the case for the appointment of counsel, and allowed the filing *nunc pro tunc* of a counseled 1925(b) statement and responsive 1925(a) opinion. *Id.*

Here, counsel filed a **Turner/Finley** letter on April 29, 2013. The PCRA court, considering Appellant's *pro se* response to its notice of intent to dismiss, determined that Appellant's petition was **not** without merit on its face, and ordered counsel to continue representing Appellant at the evidentiary hearing conducted on October 1, 2013, thus, in effect, denying counsel's petition to withdraw. Appellant filed a notice of appeal on March 6, 2014, without counsel having filed a new petition to withdraw or **Turner/Finley** letter.

Appellant was entitled to the benefit of counsel throughout the litigation of the issue on which the PCRA hearing was ordered, including the appeals process. **Jackson**, 965 A.2d at 284. Therefore, the PCRA court erred in *sua sponte* granting Appellant's counsel leave to withdraw after the conclusion of the hearing, and while this appeal was pending before this Court.

Accordingly, we remand this case for the appointment of counsel, who shall file a 1925(b) statement *nunc pro tunc*. Thereafter, the PCRA court

shall file either a new 1925(a) opinion or a statement indicating that it relies upon its prior opinion. Upon the return of the record to this Court, the prothonotary shall enter a new briefing schedule, in accordance with which Appellant's counsel may file either an advocate's brief or a petition to withdraw and *Turner/Finley* brief addressing the issues Appellant wishes to raise on appeal.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014