J-S09020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS SCOTT DRASS, | |
| Appellant | No. 1030 WDA 2014 |

Appeal from the PCRA Order June 10, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001007-2005

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                **FILED MAY 18, 2015**

Thomas Scott Drass appeals from the June 10, 2014 order dismissing his second PCRA petition as untimely filed.  We direct counsel to either file an advocate's brief or a petition to withdraw and no-merit brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc* ) ("***Turner/Finley***").

On January 5, 2005, Appellant arrived at his maternal grandparents' home, and shot his grandfather, Dwayne Chamberlain, at point blank range. Dwayne's wife Kathryn was present and unsuccessfully attempted to resuscitate her husband.  Appellant left the home, but was arrested when he returned a few hours later.  Appellant had purchased the shotgun and ammunition used in the shooting earlier that day.  On September 25, 2006,

Appellant pled guilty to third-degree murder, and, three days later, he was sentenced to twenty to forty years incarceration. The sentencing court had the benefit of a presentence report. In the ensuing direct appeal, Appellant claimed that his sentence was excessive given "his history of mental illness and lack of a prior criminal record." *Commonwealth v. Drass*, 935 A.2d 9 (Pa.Super. 2007) (unpublished memorandum at 2). We rejected Appellant's challenge to the discretionary aspects of his sentence and affirmed on August 6, 2007, *id*., and Appellant did not seek allowance of appeal with our Supreme Court.

The following month, Appellant filed a timely PCRA petition, counsel was appointed, and counsel filed an amended PCRA petition. Appellant claimed that his guilty plea was induced by ineffective assistance of counsel, who had been able to negotiate a guilty plea to third degree murder in the face of the Commonwealth's desire to pursue a first-degree murder conviction. Plea counsel's efforts were successful because he procured a physiological evaluation by Dr. Joseph Antonowicz, whose report supported a diminished capacity defense. *See* Trial Court Opinion, 9/8/08, at 4-5. After an evidentiary hearing, PCRA relief was denied on September 8, 2008. Appellant did not file an appeal from the denial of PCRA relief.

On July 24, 2013, Appellant filed a motion seeking modification of his sentence, for appointment of counsel, and requesting permission to proceed *in forma pauperis.* Appellant sought a reduction in his sentence due to his mental health issues and lack of a prior criminal record, which he asserted

- 2 -

were not revealed to the sentencing court. Appellant also claimed that he was on drugs when he killed his grandfather and that he expected a lesser sentence when he tendered an open guilty plea to third degree murder. The trial court properly treated the motion for modification of sentence as a PCRA petition and then granted Appellant the right to proceed *in forma pauperis*. The PCRA court appointed counsel,[1] and, over the Commonwealth's objection, held a hearing, which was not transcribed.

Thereafter, the PCRA court denied relief based upon the untimeliness of the 2013 petition. This appeal followed. The issue presented is, "Whether the Trial Court erred in dismissing the Appellant's current PCRA petition." Appellant's brief at 2. Specifically, Appellant maintains that his guilty plea was involuntary in that he "is unable to read or write and he was under medication which affected his mind" and that plea counsel misled him "into believing he would not get the maximum sentence after an open plea."

_____

[1] We note that Pa.R.Crim.P. 904(D) provides, "On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant." Except as provided in Pa.R.Crim.P. 907, a hearing under Pa.R.Crim.P. 908 is mandated, in pertinent part, when "the petition for post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact." Pa.R.Crim.P. 908(A)(2). Under Pa.R.Crim.P. 907, the PCRA court may deny PCRA relief without a hearing, if, after review of the pleadings, it "is satisfied . . . that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings[.]" Pa.R.Crim.P. Rule 907(1).

*Id*. at 3. Additionally, Appellant asserts that his sentence was "too severe given his lack of a criminal record." *Id*.

While these issues are purportedly raised on appeal, counsel, in the body of his brief, has not advocated on behalf of his client's positions. Counsel has maintained that this appeal is frivolous. Appellant's brief at 6. If counsel is attempting to withdraw, he must follow the mandates of *Turner/Finley*, which outline the procedure for withdrawal in the PCRA context.

*Commonwealth v. Jackson*, 965 A.2d 280 (Pa.Super. 2009) is instructive. Therein, the defendant filed a second PCRA petition, and counsel was appointed. After it conducted an evidentiary hearing, the PCRA court then *sua sponte* dismissed counsel. The defendant filed a *pro se* appeal, and we remanded for the appointment of new counsel. We observed that, even though a second-time PCRA petition would not normally be entitled to court-appointed counsel, once counsel is appointed, such appointment remains "effective throughout the post-conviction collateral proceedings, **including any appeal** from disposition of the petition for post-conviction collateral relief." *Id*. at 283 (quoting Pa.R.Crim.P. 904(F)(2) (emphasis in *Jackson*). We held that "the PCRA court erred when it relieved [PCRA counsel] of his representation duties before litigation of the issue presented at the evidentiary hearing was complete," and we remanded for the appointment of counsel. *Id*. at 284 (footnote omitted).

As it applies herein, *Jackson* requires an attorney to continue to operate as counsel during litigation of the appeal from the denial of PCRA relief. Appellant's counsel has failed to fulfill that obligation as he abandons his client's interests by arguing against relief for his client. Counsel must file an advocate's brief or counsel may, of course, seek to withdraw. However, the "*Turner/Finley* decisions provide the manner for post-conviction counsel to withdraw from representation." *Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa.Super. 2012). As we articulated in *Rykard*, *id* at 1184 (footnote omitted):

> The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner, supra,* then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See [Commonwealth v.] Pitts*, [981 A.2d 875], 876 n.1. [Pa. 2009].

> In *Commonwealth v. Friend,* 896 A.2d 607 (Pa.Super. 2006) *abrogated in part* by *Pitts, supra,* this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to *Friend,* counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in *Pitts* that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of *Friend* as those prerequisites did not apply to the petitioner in *Pitts. See Pitts, supra* at 881 (Castille, C.J. concurring).

In this case, if counsel is seeking to withdraw, he must petition to withdraw, serve that application on his client, and inform Appellant that he can proceed *pro se* or with retained counsel for purposes of this appeal. Counsel's petition to withdraw must set forth that he has independently reviewed the record and found no meritorious issues to be raised. To withdraw, counsel also must file a compliant no-merit brief that both sets forth each issue that Appellant wants to raise and establishes why such issue does not provide grounds for PCRA relief.

Record remanded. Counsel shall comply with the mandates of this decision within sixty days of remand of the record. Jurisdiction is retained.