J-S67005-15                                    January 19, 2016

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DION DAVID DERRIG, | : | |
| | : | |
| Appellant | : | No. 219 MDA 2015 |

Appeal from the PCRA Order January 20, 2015,
Court of Common Pleas, Bradford County,
Criminal Division at No. CP-08-CR-0000764-2011

---

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DION DAVID DERRIG, | : | |
| | : | |
| Appellant | : | No. 220 MDA 2015 |

Appeal from the PCRA Order January 20, 2015,
Court of Common Pleas, Bradford County,
Criminal Division at No. CP-08-CR-0000765-2011

BEFORE:  BOWES, PANELLA AND PLATT*, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 19, 2016**

Dion David Derrig ("Derrig") appeals *pro se* from the January 20, 2015

order entered by the Bradford County Court of Common Pleas dismissing his

petitions filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§

9541-9546 ("PCRA"), and granting counsel leave to withdraw pursuant to

***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and

*Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Because we conclude that the PCRA court erred by permitting counsel to

withdraw pursuant to *Turner/Finley*, we vacate the PCRA court's order and

remand.

In deciding Derrig's direct appeals in these matters,[1] we previously

summarized the factual and procedural histories as follows:

> In May 2010, [Derrig] appeared at the home of
> Mr. and Mrs. Shangraw initially to offer a proposed
> civil war print for sale. While there, he told Mr.
> Shangraw that the home was in need of repair, and
> that he was a contractor and could give him an
> estimate. Mr. Shangraw agreed. Mrs. Shangraw
> signed a proposal with [Derrig] dated May 16, 2010
> for work including materials for a total amount of
> $9,650.00. Pursuant to the proposal, the work was
> to be commenced on June 13, 2010 and completed
> on September 13, 2010, weather permitting.
> [Derrig] was paid as follows: June 4, 201[0]
> $4,450.00; June 8, 2010 $500.00; June 23, 2010
> $2,200.00[;] and July 23, 2010 $400.00 totaling
> $7,550.00. At some point in time [Derrig] again
> returned asking for more money. Mr. Shangraw told
> him he was not going to get any further money and
> not to return to the house "unless you have your tool
> belt on and you are going to do some work." [Derrig]
> left a few notes on the Shangraw home stating he
> was going to complete the project, but the
> Shangraws never saw or heard from [Derrig] again
> after they refused to provide him with further funds.
> [Derrig] never delivered materials to the Shangraws,

---

[1] As we did when deciding Derrig's direct appeals from his judgments of sentence, here we have sua sponte consolidated the two appeals from the denial of his PCRA petitions. **See** Order, 2/24/15; **see also** *Commonwealth v. Derrig*, 1711 & 1712 MDA 2012, *2 n.1 (Pa.Super. June 17, 2013) (unpublished memorandum).

i.e.[,] windows or siding. Eventually, Mr. Shangraw contacted the police.

Subsequently, on November 16, 2011, [Derrig] was charged with deceptive business practices and other related offenses in connection with his failure to complete the repairs to the Shangraw home. Also on November 16, 2011, [Derrig] was charged with retail theft and theft by receiving stolen property in connection with a shoplifting incident that occurred on September 20, 2010. Specifically, … the relevant facts of said event [are] as follows. Walmart Loss Prevention Officer, Jason Smith, reported that, on September 21, 2010, a theft of a computer was brought to his attention at the Sayre, Bradford County Walmart store. Walmart has numerous surveillance videos covering the majority of the store, including all check out [sic] registers. Smith reviewed the videos and provided copies to the Athens Township Police Department. Upon Athens Township Patrolman John Fedorchak reviewing the surveillance videos, he determined that the two men taking the computer from Walmart were known to him as [Derrig] and his nephew.

On March 1, 2012, following a one-day jury trial, [Derrig] was convicted of retail theft and theft by receiving stolen property. Subsequently, on March 6, 2012, following a two-day jury trial, [Derrig] was convicted of deceptive business practices. Thereafter, on April 2, 2012, the trial court imposed [an] aggregate sentence of 32 to 120 months' imprisonment for all charges. [Derrig] filed timely post-sentence motions on April 12, 2012, asserting, inter alia, that the verdicts were against the weight of the evidence [and raising a violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure and the Interstate Agreement on Detainers ("IAD")]. On August 27, 2012, said motions were denied by operation of law pursuant to Rule 720 of the Pennsylvania Rules of Criminal Procedure. [Derrig] filed timely notices of appeal on September 21, 2012.

***Commonwealth v. Derrig***, 1711 & 1712 MDA 2012, **2-4 (Pa.Super. June 17, 2013) (unpublished memorandum) (citations, italicization and formatting omitted).

On June 17, 2013, this Court affirmed Derrig's judgment of sentence. In reaching this decision, the panel found Derrig's weight of the evidence claim lacked merit and that he had waived his remaining claims pertaining to Rule 600, the Interstate Agreement on Detainer's Act, and the Commonwealth's amendment of his criminal information. The panel found waiver based upon counsel's failure to present arguments in support of the claims, instead "defer[ring] to the trial court's 1925(a) opinion." ***Id.*** at 5, 7-9. Derrig did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On September 4, 2013, Derrig wrote to the trial court requesting the appointment of counsel to aid him in filing a PCRA petition. On October 7, 2013, the PCRA court appointed Deborah Barr, Esquire, to represent Derrig. Despite Attorney Barr's appointment, on November 20, 2013, Derrig filed *pro se* PCRA petitions regarding both his deceptive business practices conviction and his theft-related convictions. On November 26, 2013, the PCRA court ordered Attorney Barr to file amended petitions.

On February 20, 2014, Attorney Barr filed a motion requesting that the PCRA court schedule a hearing on Derrig's PCRA petitions. Prior to the PCRA

court ruling upon her request, Attorney Barr filed a motion to withdraw as counsel on May 2, 2014 based upon Derrig's dissatisfaction with her representation.[2] On May 14, 2014, while that motion was pending, Derrig filed a *pro se* motion for the appointment of new counsel and also filed amended *pro se* PCRA petitions. In orders filed on June 5, 2014, the PCRA court granted Attorney Barr's motion to withdraw and appointed Patrick Beirne, Esquire, to represent Derrig.

On November 3, 2014, Attorney Beirne filed no-merit letters and requested to withdraw as counsel pursuant to ***Turner/Finley***. The PCRA court issued rules returnable for Derrig to show cause why it should not grant Attorney Beirne's request to withdraw. Following the grant of his request for an extension of time, Derrig filed timely *pro se* responses asserting, *inter alia*, that Attorney Beirne's no-merit letters failed to comply with the dictates of ***Turner/Finley***. On January 23, 2015, the PCRA court entered an order granting Attorney Beirne's request to withdraw as counsel and dismissing Derrig's PCRA petitions.

Derrig filed timely, *pro se* notices of appeal and complied with the trial court's orders by filing concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Thereafter, the PCRA court issued a

---

[2] In this motion, Attorney Barr stated that she filed an amended PCRA petition on April 2, 2014. ***See*** Motion to Withdraw as Counsel, 5/2/14, ¶ 2. No counseled amended PCRA petition appears in the certified record on appeal or on the PCRA court's docket, and the PCRA court gives no indication that it received an amended PCRA petition from Attorney Barr.

statement in lieu of a written opinion pursuant to Pa.R.A.P. 1925(a), stating that its reasoning was contained in its November 7, 2014 and January 20, 2015 opinions.

On appeal, Derrig raises nineteen claims of error from the dismissal of his PCRA petition related to his deceptive business practices conviction and twelve issues stemming from the dismissal of his PCRA petition regarding his theft-related convictions, some (but not all) of which overlap. **See** Derrig's Brief at 4-6.[3]  We conclude, however, that we need only consider one issue, which Derrig raises in support of both appeals:  "Does PCRA counsel's 'no-merit' letter meet the requirements as outlined in **Comm. v. Finley** []?"  **See id.** at 5, 6.

At the outset, we note that our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa. Super. 2014).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.**

---

[3]  Derrig's *pro se* brief is a combined brief and reproduced record totaling 218 pages.  He numbers the entirety of the document at the bottom of every page, but also separately numbers a portion of the argument section of his brief at the top of those pages.  For consistency and ease of reference, we refer to the pagination of the whole document appearing at the bottom of the pages of his brief.

"The **Turner/Finley** decisions provide the manner for post-conviction counsel to withdraw from representation." **Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa.Super. 2014) (quoting **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa.Super. 2012).

> Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner**/**Finley**] and must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (formatting and citation omitted).

> If counsel fails to satisfy the foregoing technical prerequisites of **Turner/Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/ Finley** request or an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (internal citations omitted).

Of relevance to our disposition, Derrig asserts that in his no-merit letters, Attorney Beirne (1) summarily disposed of his claims as having "no merit" without the requisite explanation; (2) improperly cast his Rule 600 claim as previously litigated; and (3) failed to address all of the issues Derrig raised in his *pro se* PCRA petition. Derrig's Brief at 41-42, 54. Derrig thus

argues that the PCRA court erred by permitting Attorney Beirne to withdraw and subsequently dismissing his PCRA petition. *Id.* at 55.

The record reflects that in his no-merit letters, Attorney Beirne grouped the numerous issues Derrig raised in his PCRA petitions into four categories – (1) a violation of the constitution or law that undermined the truth determining process; (2) ineffective assistance of counsel; (3) previously unavailable exculpatory evidence (for Derrig's deceptive business practice conviction) and illegal sentence (for Derrig's theft-related convictions); and (4) "other issues of concern to petitioner." *See* No-Merit Letters, 11/3/14, at 4-7. Under each of the overarching categories, Attorney Beirne purported to list all of the issues that Derrig raised in his *pro se* PCRA petitions encompassed by the particular categories, and concluded that there were no meritorious issues presented. *Id.*

Our review reveals that, as Derrig asserts, Attorney Beirne disposed of Derrig's ineffective assistance of counsel claims by baldly stating, without further explanation: "It is this counsel's opinion that the trial counsel's preparation was adequate. It is this attorney's belief that trial counsel was effective." No-Merit Letters, 11/3/14, at 6. Attorney Beirne wholly failed to "explain[] why and how those issues lack merit," as required. *See id.*; *Doty*, 48 A.3d at 454.

Further, Attorney Beirne relegates one of Derrig's ineffectiveness claims – that trial counsel was ineffective for failing to object to Derrig being

made to wear a "shock restraint" during trial – as "a non-PCRA issue." No-Merit Letters, 11/3/14, at 7. He provides no explanation of why, based upon the record and the law, this ineffective assistance of counsel claim is not cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(ii) (stating, "To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence … [t]hat the conviction or sentence resulted from … [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."); *cf. Commonwealth v. Jackson*, 965 A.2d 280, 282 (Pa.Super. 2009) (stating that a panel of this Court remanded the case to the PCRA court for an evidentiary hearing because the appellant "properly preserved a layered claim of ineffective assistance of counsel for failing to object to his appearing before the jury in handcuffs").

Derrig is also correct that his Rule 600 claim was not "previously litigated" as Attorney Beirne concluded. *See* No-Merit Letters, 11/3/14, at 4-5. The PCRA states, in relevant part, "[A]n issue has been previously litigated if … the highest appellate court in which the petitioner could have had review as a matter of right has **ruled on the merits of the issue**." 42 Pa.C.S.A. § 9544(a)(2) (emphasis added). It is uncontested that this Court, which is the highest appellate court to review Derrig's direct appeal as of right, found Derrig's Rule 600 issue waived based upon his counsel's

failure to advance an argument in support of the claim. **Derrig**, 1711 & 1712 MDA 2012, at \*\*5-6. Moreover, Derrig raises his Rule 600 claim in the context of prior counsel's ineffectiveness, which is a separate claim, and as previously stated, Attorney Beirne failed to explain how this claim lacks merit in his no-merit letters. **See** PCRA Petitions, 5/14/14, ¶ 5 (deceptive business practices) & ¶ 6 (theft-related convictions).

Lastly, the record reflects that Attorney Beirne did not mention, let alone address, all of the issues Derrig presented in his *pro se* PCRA petitions as required. **See Doty**, 48 A.3d at 454. Derrig broadly states that Attorney Beirne only "address[ed] [nineteen] of the [forty] issues raised." Derrig's Brief at 42. Despite Derrig's failure to specify the issues omitted from Attorney Beirne's review, even a cursory comparison of Derrig's *pro se* PCRA petitions and Attorney Beirne's no-merit letters supports a finding that Attorney Beirne failed to address several issues Derrig wished to raise, in derogation of the **Turner/Finley** requirements. **See id.**

As Attorney Beirne failed to comply with the clear mandates of **Turner/Finley**, the PCRA court erred by granting his request to withdraw as counsel. **Id.**; **Wrecks**, 931 A.2d 717, 721. We therefore remand the case for the appointment of new counsel. Counsel shall thereafter consult with Derrig regarding the issues he wishes to raise for post-conviction review and either file an amended PCRA petition or, if counsel determines that there are

no issues of arguable merit, file a proper no-merit letter and petition to withdraw with the PCRA court.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2016