**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Eugene Clinton JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted July 21, 2008.
Filed Jan. 30, 2009.

Ashley B. Goshert, Asst. Dist. Atty., Harrisburg, for Com., appellee.

BEFORE: LALLY–GREEN, FREEDBERG, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

¶ 1 Appellant, Eugene Clinton Jackson, appeals *pro se* from the order of the Dauphin County Court of Common Pleas, denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Appellant has also filed a petition to sup-

plement his brief. We hold that the PCRA court erred when it dismissed appointed counsel *sua sponte* after the evidentiary hearing. Accordingly, we deny Appellant's petition as moot, but remand for appointment of counsel.

¶ 2 A previous panel of this Court set forth the relevant procedural history of this case:

On September 13, 2002, after a trial, the jury convicted [A]ppellant of possession of controlled substances with intent to deliver, criminal conspiracy, and fleeing or attempting to elude a police officer. On December 19, 2002, the trial court sentenced [A]ppellant to an aggregate term of incarceration of 8 to 22 years. This [C]ourt affirmed the judgment of sentence on December 16, 2003, and our [S]upreme [C]ourt denied allowance of appeal on August 31, 2004. *Commonwealth v. Jackson,* 844 A.2d 1281 (Pa.Super.2003) (unpublished memorandum), *appeal denied,* [ ] 579 Pa. 710, 858 A.2d 109 (2004).

Appellant, acting *pro se,* filed a PCRA petition on September 21, 2004, and the PCRA court appointed counsel to represent [A]ppellant. On November 15, 2004, counsel filed a "no-merit" letter and a motion to withdraw as counsel. *See Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley,* [379 Pa.Super. 390,] 550 A.2d 213 (Pa.Super.1988) (*en banc* ). On November 18, 2004, the PCRA court granted the motion to withdraw and issued notice, pursuant to Pa.R.Crim.P. 907, of its intention to dismiss the petition without a hearing. Subsequently, on December 14, 2004, the PCRA court dismissed the petition. This [C]ourt affirmed the order on November 17, 2005.

---

* Former Justice specially assigned to Superior Court.

1. 42 Pa.C.S. §§ 9541–9546.

*Commonwealth v. Jackson,* 890 A.2d 1100 (Pa.Super.2005) (unpublished memorandum).

Appellant did not seek allowance of appeal in our [S]upreme [C]ourt; however, on November 23, 2005, he filed the instant timely PCRA petition. On December 5, 2005, the PCRA court issued notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed an objection to the dismissal notice on December 14, 2005. Subsequently, on January 6, 2006, the PCRA court entered the order denying the petition.

*Commonwealth v. Jackson,* 928 A.2d 1123 (Pa.Super.2007) (unpublished memorandum) (footnote omitted). The panel reversed the PCRA court's dismissal order, finding that Appellant properly preserved a layered claim of ineffective assistance of counsel for failing to object to his appearing before the jury in handcuffs. *See id.* The panel thus remanded for an evidentiary hearing. *See id.*

¶ 3 The PCRA court complied, conducting an evidentiary hearing on November 15, 2007. Appellant was represented by appointed counsel at the hearing. The court found no evidence that Appellant was ever shackled in view of the jury. PCRA Ct. Order, filed 11/19/07, at 1. It accordingly dismissed Appellant's second petition and "further ordered that Jeffrey Engle, Esquire, having been appointed for the purpose of representing [Appellant] at the November 15th hearing, is relieved of his appointment in this matter." PCRA Ct. Order, at 2. Appellant followed with this timely appeal. However, Appellant alleges that the PCRA court sent a Pa. R.A.P. 1925(b) order for a concise statement of matters complained of on appeal to the Dauphin County Prison, when he had already been transported to SCI–Camp Hill. He therefore contends that he did not receive the Rule 1925(b) order. The PCRA court thus found his issues waived, but also found that if the issues were preserved, it would rely on the reasons stated in its dismissal order of November 19, 2007. Appellant filed his appellate brief with this Court, along with a petition to supplement his brief.

¶ 4 Initially, we address his petition to supplement his brief. Appellant requests permission to supplement the argument section of his appellate brief, but in reality appears to seek avoidance of a finding of waiver for failure to file a timely Rule 1925(b) statement:

1. Petitioner requests permission to supplement Argument(1) [ (regarding the propriety of the Rule 1925(b) order) ] of the appellant [sic] brief filed in this [C]ourt on February 6, 2008.

2. Petitioner[']s argument is based on a 1925(B) order to file a concise statement of errors complained of on appeal no later than 21 days after entry of said order which was November 30, 2007.

3. Petitioner never receive[d] the November 30, 2007, order because it was sent to the Dauphin County Prison, when petitioner was already transported back to SCI–Camp Hill, by the DCP sheriff[']s department.

4. The clerk of courts office receive[d the] order back on December 11, 2007[;] copy of information is attach[ed].

5. Petitioner wrote to the clerk of courts office for a copy of said order on January 11, 2008[;] copy of letter is attach[ed].

6. Petitioner as of February 6, 2008, has just receive[d] his 1925(B) order of November 30, 2007[;] copy of envelope is attach[ed].

Wherefore Petition[er] respectfully request[s] that this Honorable Court grant the petition to supplement brief pursuant to Pa.R.A.P. 123.

Petition to Supplement Brief, filed 2/13/08, at 1–2 (bolding and some caps removed). Appellant seeks only to supplement his argument that he should not be penalized for failing to file a timely Rule 1925 statement. Because we remand anyway for the appointment of counsel, who in turn may preserve the claim properly in a Rule 1925(b) statement *nunc pro tunc*, we deny the petition as moot.

¶ 5 We note that the instant petition is Appellant's second under the PCRA. Therefore, he normally would not be entitled to appointment of counsel on appeal. *See Commonwealth v. Kubis,* 808 A.2d 196, 200 (Pa.Super.2002) (citing Pa.R.Crim.P. 904(A) (2001)) (noting that automatic right to counsel in collateral appeal applies only to first PCRA petitions); *see also* Pa. R.Crim.P. 904(A) (2001). However, the Pennsylvania Rules of Criminal Procedure provide the following:

(D) On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant.

\* \* \*

(F) When counsel is appointed,

\* \* \*

(2) the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, **including any appeal** from disposition of the petition for post-conviction collateral relief.

Pa.R.Crim.P. 904(D), (F)(2) (emphasis added).

■ ¶ 6 Instantly, the PCRA court complied with Rule 904(D) when it appointed counsel to represent Appellant during the evidentiary hearing. At first glance, it appears that Rule 904(D) limits the appointment of counsel to only the evidentiary hearing. However, our courts have consistently interpreted Rule 904(F)(2) and its predecessors, Rule 904(E) (2003), Rule 904(D) (2001), and Rule 1504(d) (2001), to extend the right of representation throughout the appeals process. *See, e.g., Commonwealth v. White,* 871 A.2d 1291, 1294 (Pa.Super.2005) ("This right to representation [for a first PCRA petition] exists 'throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief.'" (quoting Pa.R.Crim.P. 1504(d) (2001))). The appointment of counsel throughout the litigation of a first petition is mandatory even when it appears that the petition is untimely or the petition does not present a cognizable claim. *See Commonwealth v. Smith,* 572 Pa. 572, 582, 818 A.2d 494, 499 (2003) (holding that Rule 904 appointment of counsel for first PCRA petition is mandatory to determine properly whether any timeliness exceptions apply); *Commonwealth v. Kutnyak,* 781 A.2d 1259, 1262 (Pa.Super.2001) ("Therefore, as this is Appellant's first PCRA petition, he is entitled to counsel to represent him despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented."); *see also Commonwealth v. Evans,* 866 A.2d 442, 446 (Pa.Super.2005) (noting that *Smith* Court appears to have approved *Kutnyak* line of cases). The appointment of counsel is considered necessary in order to determine whether the petitioner could invoke a timeliness exception or raise a cognizable claim. *See Smith, supra; Kutnyak, supra.*

¶ 7 We find that the same logic extends to cases in which counsel is appointed pursuant to Rule 904(D). If the appointment of counsel is deemed necessary for purposes of conducting an evidentiary hearing, then the petitioner requires the assistance of counsel throughout the litigation of the issue. Such litigation necessarily includes the appeals process.[2] *See* Pa.R.Crim.P. 904(F)(2). Accordingly, we conclude that the PCRA court erred when it relieved Attorney Engle of his representation duties before litigation of the issue presented at the evidentiary hearing was complete.[3] We therefore remand for appointment of counsel, who may file a Rule 1925(b) statement *nunc pro tunc* in order to preserve Appellant's issues on appeal.

2.  In fact, we note that counsel was relieved of his duties before the appeals process even started, since the PCRA court dismissed counsel at the close of the evidentiary hearing, before a notice of appeal could be filed. *See N.T.*, 11/15/07, at 29.

3.  Although the PCRA court obviously has the discretion to appoint counsel of its choosing,

At its discretion, the PCRA court may file a new Rule 1925(a) opinion or rely on its dismissal order of November 19, 2007, as it did in *dicta* within the instant Rule 1925(a) opinion. Our prothonotary is hereby directed to set a new briefing schedule for the parties.

¶ 8 Case remanded with instructions. Petition to supplement brief denied as moot. Panel jurisdiction retained.

we note that it would not be improper to reappoint Attorney Engle for purposes of appeal, since it does not appear that Attorney Engle petitioned for withdrawal or abandoned Appellant willingly.