J-S64005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES MILLER | |
| Appellant | No. 31 WDA 2014 |

Appeal from the PCRA Order December 4, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001854-1981

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 22, 2014**

James Miller appeals from the trial court's order denying his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Miller was found guilty of second-degree murder and related charges in August 1981; he was a juvenile at the time he committed the crimes. On February 5, 1982, Miller was sentenced to life in prison without the possibility of parole.

On appeal, Miller presents the following issues for our review:

(1)    Whether the PCRA Court violated Rule 904(F) of the Pennsylvania Rules of Criminal Procedure in ordering that appointed counsel be dismissed from the case (or not be paid) after counsel had been appointed to represent Appellant.

(2)    Whether the PCRA Court violated Rule 905(A) of the Pennsylvania Rules of Criminal Procedure by failing to grant Appellant's motion to amend the PCRA petition.

(3) Whether the PCRA Court violated Appellant's rights under the Eighth Amendment when Appellant continues to serve a life sentence without the possibility of parole which was imposed when Appellant was a juvenile.

(4) Whether Appellant's rights under Article I, Section 13 of the Pennsylvania Constitution [were] violated and whether Pennsylvania law allows for retroactivity of *Miller*.

(5) Whether Appellant was entitled to habeas corpus relief when Appellant continues to serve a life sentence without the possibility of parole which was imposed when Appellant was a juvenile.

On July 30, 2012, Miller filed the instant *pro se* PCRA petition asserting that pursuant to the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S.Ct. 2455 (2012),[1] his life sentence is illegal. Counsel, Thomas N. Farrell, Esquire, was appointed to represent Miller; counsel subsequently filed an amended PCRA petition. On July 29, 2013, Assistant District Attorney Ronald Wabby filed a motion to stay the proceedings while the issue of retroactive application of ***Miller*** was pending on appeal to our Supreme Court. The court stayed the proceedings on August 28, 2013, and, on October 30, 2013, the Pennsylvania Supreme Court determined that the ***Miller*** holding[2] does not apply retroactively to an inmate, serving a life

---

[1] In ***Miller***, the Supreme Court held that sentencing juveniles, under the age of 18 at the time they committed a homicide offense, to mandatory life imprisonment without the possibility of parole is a violation of the Eight Amendment's prohibition on cruel and unusual punishment.

[2] The ***Miller*** holding does not qualify as a section 9545(b) exception under the PCRA. ***See Commonwealth v. Cintora***, 69 A.3d 759 (Pa. Super. 2013) (Supreme Court's ***Miller*** decision does not qualify as timeliness exception under sections 9545(b)(1)(ii) or (iii) of the PCRA).
*(Footnote Continued Next Page)*

sentence without parole, who has exhausted his direct appeal rights and is proceeding under the PCRA. **See Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (2014).[3]

On November 6, 2013, Attorney Farrell filed a motion to stay the PCRA proceedings until the United States Supreme Court ruled upon **Cunningham**. On November 14, 2013, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition. Counsel filed a timely response to the Rule 907 notice, again requesting a stay, or, in the alternative, leave to file an amended PCRA petition to raise the claim that **Miller** violates Article I, Section 13 of the Pennsylvania Constitution. On December 4, 2013, the court issued its final order denying PCRA relief based on the holding of **Cunningham** that **Miller** is not retroactive and, thus, does not apply to cases on collateral review. The PCRA court's order also states "[t]he defendant is not entitled to have appointed counsel represent him in this matter." Trial Court Order, 12/4/13. Counsel filed a timely notice of appeal on January 6, 2014.

*(Footnote Continued)* ─────────────────

[3] The U.S. Supreme Court denied the petition for certiorari in **Cunningham** on June 9, 2014. Moreover, most recently in **Commonwealth v. Hancock**, 230 WAL 2014 (filed Sept. 9, 2014) (Pa. 2014), our Supreme Court denied allowance of appeal from our Court's en banc decision, **Commonwealth v. Hancock**, 178 WDA 2012 (filed May 6, 2014) (Pa. Super. 2014), which effectively affirmed the **Cunningham** decision.

On appeal, Miller[4] argues that, in contravention of Pa.R.Crim.P. 904, the trial court improperly determined that he was not entitled to have previously appointed PCRA counsel represent him any further in the matter. Miller claims that not only is he entitled to counsel throughout any collateral proceeding resulting from the denial of his PCRA petition, *see* Pa.R.Crim.P. 904(F)(2), but that without appointed counsel he has been denied the right to have a counseled, amended petition pursuing equitable relief under the PCRA, and may have also waived any future issue concerning potential state constitutional violations as a result of the inequitable ruling in *Miller*.

The Commonwealth agrees that the trial court acted in error by ordering that Miller was no longer entitled to have PCRA counsel represent him in the matter. *See* Commonwealth's Brief, at 10-14. The Commonwealth suggests that this error be rectified by a formalized court order.

Despite the fact that the trial court erroneously advised Miller that he could no longer be represented on appeal, Attorney Farrell has filed Miller's instant notice of appeal from the denial of his PCRA petition, filed three petitions for extension of time within which to file Miller's appellate brief, and has actually filed an appellate brief on behalf of Miller. Therefore, Miller is, in effect, represented on appeal. Because we find that he has not been

_____

[4] Despite court order, Attorney Farrell filed Appellant's Brief on appeal.

deprived of appellate representation, we will, therefore, address counsel's issues raised on his behalf.

Miller next claims that by failing to grant him relief from serving a life sentence without the possibility of parole, the PCRA court violated his constitutional rights under the Eighth Amendment of the federal constitution and Article I, Section 13 of the Pennsylvania Constitution.

Recently, in **Commonwealth v. Seskey**,[5] 86 A.3d 237 (Pa. Super. 2014), appeal denied, No. 245 WAL 2014, 2014 Pa. LEXIS 2546 (filed Sept. 30, 2014) (Pa. 2014), a petitioner raised the same constitutional arguments that Miller advances here. Specifically, the petitioner alleged that his life sentence constituted cruel and unusual punishment under both the Eighth Amendment and Article I, Section 13 of the Pennsylvania Constitution. **Id.** at 240. The petitioner argued that the **Miller** holding should be applied retroactively and his case should be remanded for resentencing. **Id.** During the pendency of the **Seskey** case at the post-PCRA level, our Supreme Court issued its **Cunningham** decision, holding that Miller did not apply retroactively. In light of **Cunningham**, the petitioner filed a motion seeking leave to file a supplemental brief on appeal raising the aforementioned issues. **Id.** at 241. Our Court granted his request. **Id.**

_____

[5] To avoid confusion, a prior decision from our Court spelled defendant's last name as Sesky. **See Commonwealth v. Sesky**, 676 A.2d 286 (Pa. Super. 1996).

Ultimately, on appeal, the **Seskey** panel determined that the petitioner's claims were non-waivable challenges to the legality of his sentence, despite the fact that the claims were not included in his untimely PCRA petition or his Pa.R.A.P. 1925(b) concise statement. **Id.** However, the Court reiterated the time requirements under the PCRA, noting that such restrictions are jurisdictional in nature and that waiver is a completely separate matter from a court's jurisdiction to review non-waivable claims. **Id.**

Notably, the **Seskey** Court pointed out that to invoke a timeliness exception under the PCRA, specifically the new constitutional right exception embodied in 42 Pa.C.S. § 9545(b)(1)(iii), two requirements must be met: (1) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section; and (2) the right "has been held" by "that court" to apply retroactively. **Id.** at 242-43. **See also Commonwealth v. Lawson**, 90 A.3d 1, 6 (Pa. Super. 2014) (PCRA's section 9545(b)(1)(iii) exception applied only where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in [] section [9545] and *has been held by that court to apply retroactively*."). With regard to the "has been held" prong under section 9545(b)(1)(iii), our Court stated:

Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral appeal. **By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.**

*Seskey*, 86 A.3d at 243 (emphasis added) (citing *Commonwealth v. Copenhefer*, 941 A.2d 646, 649-50 (Pa. 2007) (quoting *Commonwealth v. Abdul—Salaam*, 812 A.2d 497, 501 (Pa. 2002)). Because the petitioner's claims did not meet either of the requirements under section 9545(b)(1)(iii), Seskey's untimely petition was properly dismissed for lack of jurisdiction. *Seskey*, 86 A.3d at 243.

Instantly, Miller's PCRA petition, like the petition in *Seskey*, is facially untimely. Under the PCRA, a petitioner must file his petition within one year of the date that his judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Here, Miller's judgment of sentence became final, for purposes of the PCRA, on August 11, 1984, when the time expired for him to file a petition for writ of certiorari with the United States Supreme Court from the denial of his petition for allowance of appeal from our Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3); Sup. Ct. R. 13.

Moreover, because Miller has not proven any exception to the PCRA's time bar provisions, including the newly recognized constitutional right exception, the trial court properly dismissed Miller's untimely petition for lack of jurisdiction. *See Seskey*, 86 A.3d at 243 ("We are confined by the

- 7 -

express terms of subsection 9545(b)(1)(iii) and our Supreme Court's decision in **Cunningham**. Combined, these two elements require us to conclude that we lack jurisdiction. No substantive claim can overcome this conclusion."); **see also Commonwealth v. Geer**, 936 A.2d 1075 (Pa. Super. 2007) (time limitations imposed by PCRA implicate trial court's jurisdiction and may not be altered or disregarded in order to address merits of petition). Because at the time Miller filed his petition there was no newly-recognized and retroactively-applied constitutional right, state or federal, he cannot overcome the PCRA timing requirements. **Seskey**, **supra**.[6]

Having determined that Miller's state constitutional argument could not afford him any post-conviction collateral relief, we find that the trial court did not abuse its discretion in denying his request to file a second amended PCRA petition raising such a meritless claim. **See** Pa.R.Crim.P.905(A) ("The judge *may* grant leave to amend . . . a petition for post-conviction collateral relief at any time.") (emphasis added); **see also** Pa.R.Crim.P. 907 (when judge satisfied no genuine issues concerning material fact and defendant not

---

[6] We note, however, that if in the future the Pennsylvania Supreme Court were to find that a newly-recognized and retroactively-applied constitutional right does exist pursuant to **Miller**, Miller would not be foreclosed from filing a petition pleading and proving such state constitutional claims under section 9545(b)(1)(iii), within the timing parameters set forth in 42 Pa.C.S.A. § 9545(b)(2).

entitled to post-conviction collateral relief, no purpose served by any further proceedings).[7]

Moreover, Miller's argument that he is entitled to relief under our Commonwealth's *habeas corpus* procedure, 42 Pa.C.S. §§ 6501-6505, is made to no avail. If counsel believes that a petition for writ of *habeas corpus* is the appropriate vehicle by which to bring Miller's claim, then he must file such pleading. In that writ, Miller must clearly articulate how and why the claim should be considered under the umbrella of *habeas* relief and why the cases cited in his appellate brief which have extended relief to such individuals under Megan's Law, defendants with sentencing delays and unfavorable prisoner conditions, apply in the **Miller**/**Cunningham** context. *See Seskey*, 86 A.3d at 244.

Order affirmed. Case remanded for trial court to amend PCRA order consistent with the dictates of this decision.[8] Jurisdiction relinquished.

_____

[7] Moreover, to the extent that counsel's request to stay the proceedings below for the possible grant of certiorari in **Cunningham** by the United States Supreme Court, we note that since the filing of counsel's stay request in November 2013, the Supreme Court has denied review of that case. **See Cunningham v. Pennsylvania**, 134 S.Ct. 2724 (filed June 9, 2014). Therefore, this request is implicitly denied as moot.

[8] Our courts have consistently interpreted Rule 904(F)(2) and its predecessors to extend the right of representation through the appeals process. **Commonwealth v. Jackson**, 965 A.2d 280, 283 (Pa. Super. 2009). Because the PCRA court's December 4, 2013, order advising Miller that he "is not entitled to have appointed counsel represent him in the matter," contravenes Pa.R.Crim.P. 904(F)(2), we hereby remand the instant case to the trial court for amendment of the order denying PCRA relief. As
*(Footnote Continued Next Page)*

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014

---

*(Footnote Continued)* ──────────

Rule 904(F)(2) states, "[w]hen counsel is appointed, the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." **See** Pa.R.Crim.P. 904(F)(2); **see also** Comment, Rule 904(F) ("Pursuant to paragraphs (F)(2) and (H)(2)(b), appointed counsel retains his or her assignment until final judgment, **which includes all avenues of appeal through the Supreme Court of Pennsylvania**.") (emphasis added).