**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT J. ROYSTER | : | |
| | : | |
| Appellant | : | No. 325 EDA 2017 |

Appeal from the PCRA Order January 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1113931-1973

BEFORE: SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED JUNE 06, 2018**

Appellant, Robert J. Royster, appeals from the denial of his tenth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

In disposing of an appeal from the denial of Appellant's eighth PCRA petition, a prior panel of this Court briefly summarized the facts and procedural history of this case as follows:

> On June 4, 1974, a jury convicted Appellant of first-degree murder after shooting a woman in the neck following an argument in a Philadelphia bar. Appellant was sentenced to life imprisonment. On April 28, 1977, [the Supreme Court of Pennsylvania] affirmed Appellant's judgment of sentence. Since then, Appellant has filed, *inter alia*, six federal *habeas corpus* petitions, seven state petitions, and various motions seeking collateral review of his conviction. All requests for relief have been denied. On May 11, 2012, Appellant filed a *pro se* petition for collateral relief; he filed a *pro se* amended PCRA petition in October, 2012. Counsel entered an appearance on Appellant's behalf and filed an amended PCRA petition on November 22, 2013. On January 6, 2014, the

_____

* Former Justice specially assigned to the Superior Court.

PCRA court dismissed Appellant's PCRA petition as untimely, not subject to exception.

***Commonwealth v. Royster***, 116 A.3d 698, 397 EDA 2014 (Pa. Super. filed December 23, 2014) (unpublished memorandum at *2). This Court affirmed the denial of Appellant's eighth PCRA petition on December 23, 2014. ***Id.*** The period in which to file a timely petition for allowance of appeal expired on January 22, 2015,[1] and on February 12, 2015, Appellant filed a petition for allowance of appeal *nunc pro tunc* to our Supreme Court. Our Supreme Court denied Appellant's petition on March 11, 2015.[2]

On May 1, 2015, Appellant filed his ninth PCRA petition. In this petition, Appellant claimed as follows: he did not receive this court's December 23, 2014 order affirming the denial of his prior PCRA petition until it was too late to file a timely petition for allowance of appeal; he subsequently filed a petition for allowance of appeal *nunc pro tunc* with the Supreme Court of Pennsylvania and the Supreme Court denied the petition; and he asserted that prior counsel was ineffective for failing to timely pursue a petition for allowance of appeal in our Supreme Court. PCRA Petition, 5/1/15, at ¶¶ 16-26. The PCRA court

_____

[1] ***See*** Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed").

[2] Appellant's petition for allowance of appeal and the order denying it are docketed at 15 EM 2015.

denied Appellant's May 1, 2015 petition on June 16, 2015.  The order was forwarded to SCI Graterford,[3] and Appellant did not file an appeal.

For reasons that are unclear from the certified record, on September 3, 2015, the PCRA court appointed counsel to represent Appellant.[4]  Although it is not apparent from the record, the Commonwealth represented that the appointment of counsel was not for representation under the PCRA as there was no PCRA petition pending; rather, it was for a separate private criminal complaint.  Commonwealth's Letter Brief, 11/22/16, at 4.[5]  Nevertheless, counsel filed another PCRA petition on October 24, 2015, seeking reinstatement of Appellant's right to seek *allocator*, and then filed additional PCRA petitions on March 9, 2016 and May 4, 2016.  The PCRA court treated these additional PCRA petitions as amendments to Appellant's May 1, 2015 PCRA petition.  Without explanation, the PCRA court held a hearing on September 9, 2016.  Inexplicably, and despite lacking jurisdiction over the denied May 1, 2015 PCRA petition, the PCRA court permitted counsel to file a supplemental PCRA petition.  N.T., 9/9/16, at 40.  Appellant filed a supplemental PCRA petition on October 10, 2016.

---

[3]  PCRA Court Opinion, 8/24/17, at 2.

[4]  The right to the appointment of counsel extends only to a first petition under the PCRA.  **Commonwealth v. Jackson**, 965 A.2d 280 (Pa. Super. 2009).

[5]  The PCRA Court also states that the appointment of counsel was in response to a private criminal complaint.  PCRA Court Opinion, 8/24/17, at 2.

- 3 -

The PCRA court held a hearing on December 16, 2016, and determined that the October 10, 2016 petition failed to prove a timeliness exception to the PCRA. N.T., 12/16/16, at 40. On December 20, 2016, the PCRA court sent Appellant notice of its intent to dismiss the petition, and on January 20, 2017, the PCRA court issued a final order denying the PCRA petition underlying the instant appeal.

As noted, the certified record reveals that there was confusion concerning what issues were before the PCRA court. However, it is beyond dispute that Appellant's May 1, 2015 PCRA petition was denied in a final order entered on June 16, 2015, and no appeal was filed.

Regardless of the reason for the subsequent appointment of counsel three months after the final order was entered, we conclude that the PCRA petitions filed on October 24, 2015, March 9, 2016, May 4, 2016, and October 10, 2016, were in no way amendments to the ninth PCRA petition; they constitute a tenth PCRA petition because the ninth petition was disposed of by a final order on June 16, 2015,[6] and Appellant did not file an appeal. Thus, the PCRA court lacked jurisdiction to address or modify any aspect of the June 16, 2015 order denying the May 1, 2015 PCRA petition. Pa.R.A.P. 903;

_____

[6] "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. Rule 910.

42 Pa.C.S. § 5505.[7] Therefore, it is axiomatic that the January 20, 2017 order, which Appellant is presently appealing, was an order denying Appellant's tenth PCRA petition filed on October 24, 2015, along with its subsequent amendments.

Following the January 20, 2017 order, Appellant filed a timely appeal that is presently before us. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Did the PCRA court err in dismissing Appellant's PCRA Petition and should Allocatur rights be reinstated because Appellant timely filed a PCRA Petition on May 1, 2015 when he learned that the Pennsylvania Supreme Court denied [Appellant's] Petition for Leave to File a Petition for Allowance of Appeal Nunc Pro Tunc soon after March 30, 2015?

2. Did the PCRA court err in dismissing Appellant's PCRA Petition because there was a breakdown in the judicial system?

3. Did the PCRA court err in dismissing Appellant's PCRA Petition because Appellant was abandoned by prior counsel?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d

---

[7] The PCRA court stated that it wanted to address the private criminal complaint, which is not a PCRA matter, along with Appellant's PCRA issue, and the court appointed counsel. N.T., 9/9/16, at 41-42. However, the PCRA court failed to address its lack of jurisdiction over the June 16, 2015 order denying Appellant's May 1, 2015 PCRA petition.

317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***.

Before addressing the merits of Appellant's petition, we must consider whether the petition was timely filed. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant's judgment of sentence became final on July 27, 1977, ninety days after the Pennsylvania Supreme Court affirmed his judgment of sentence. ***See*** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking such review); former U.S. Sup. Ct. Rule 22 (a petitioner has ninety days to file a petition for a writ of *certiorari* in the United States Supreme Court after the entry of the order in question).[8] Appellant does not benefit from a grace

---

[8] The relevant United States Supreme Court rule has been renumbered and the time in which to file for a writ of *certiorari* has been amended multiple times since 1977.

- 6 -

*proviso* provided for petitioners whose judgment of sentence became final prior to the effective date of Section 9545 of the PCRA, as this is not his first petition nor was it filed within the time allotted in the grace *proviso*. ***Commonwealth v. Alcorn***, 703 A.2d 1054 (Pa. Super. 1997). Thus, Appellant's present petition is clearly untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[9] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts

---

[9] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

that demonstrate his claim was raised within the sixty-day time frame" under Section 9545(b)(2). *Hernandez*, 79 A.3d at 652.

After review, we conclude that no exceptions apply. Appellant claims that he only learned of this Court's December 23, 2014 order affirming the denial of Appellant's eighth PCRA petition on February 2, 2015. Appellant's Brief at 10. Appellant avers that he raised this issue in his February 12, 2015 petition for allowance of appeal to our Supreme Court *nunc pro tunc*. *Id.* Appellant further claims that, although our Supreme Court denied his petition on March 11, 2015, he raised these issues in his May 1, 2015 PCRA petition, which was within sixty days of learning of the Supreme Court's order. *Id.* While not artfully articulated, apparently Appellant believes that because he raised the Supreme Court's denial of his *nunc pro tunc* petition for allowance of appeal within sixty days of its entry, it is somehow an unknown fact under 42 Pa.C.S. § 9545(b)(1)(ii), and an exception to the PCRA time bar. *Id.* This is illogical, and Appellant provides no authority for his position.

As explained above, Appellant's May 1, 2015 PCRA petition was denied on June 16, 2015, and Appellant did not file an appeal. The issues Appellant now raises in his current appeal were issues Appellant could have raised in an appeal from the denial of the May 1, 2015 petition. Accordingly, these issues were waived when Appellant failed to appeal the June 16, 2015 order. *See* 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or

in a prior state postconviction proceeding"). Moreover, because none of these waived issues establishes an exception to the one-year filing requirements of the PCRA, Appellant's tenth PCRA is untimely.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/18