J-S07006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
                                              :
                 v.                      :
                                            :
MALIK BENNETT                    :
                                            :
                Appellant      :     No. 217 EDA 2019

Appeal from the PCRA Order Entered December 28, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0314291-2003

BEFORE: NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                 **FILED APRIL 17, 2020**

Appellant Malik Bennett appeals *pro se* from the order denying, after an evidentiary hearing, his second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  On appeal, Appellant argues that the PCRA court erred by not granting a new trial based on after-discovered evidence, specifically an affidavit from witness Myleek Douthcy.  He also contends James F. Berardinelli, Esq. (PCRA Counsel), did not effectively argue the claim before the PCRA court.  We vacate and remand with instructions, as set forth below.

We state the facts as previously set forth by this Court:

On June 1, 2009, following a jury trial before [the trial court], Appellant was found guilty of first degree murder, carrying a

---

[*] Retired Senior Judge assigned to the Superior Court.

firearm on a public street, and possessing an instrument of crime (PIC). That same day, Appellant was sentenced to the mandatory term of life in prison.

On June 9, 2009, Appellant filed post-sentence motions, which were denied by the Court of Common Pleas on October 6, 2009. Appellant filed a timely notice of appeal. The Superior Court affirmed Appellant's judgment of sentence on April 13, 2011. On June 6, 2011, Appellant filed an "Application for Leave to File a Petition for Permission to Appeal out of Time," and on January 3, 2012, our Supreme Court denied application for permission to file petition for allowance of appeal *nunc pro tunc*. The Supreme Court's order specifically stated that the application was denied "without prejudice to petitioner to file a Post Conviction Relief Act petition in the Court of Common Pleas of Philadelphia County requesting reinstatement of his allocator rights *nunc pro tunc*."

On May 1, 2012, Appellant filed a timely PCRA petition. Appellant raised multiple issues in his first PCRA petition, one of which was appellate counsel's ineffectiveness for failing to file a requested petition for allowance of appeal. Following an evidentiary hearing on January 11, 2013, the Court of Common Pleas reinstated Appellant's right to petition for allowance of appeal *nunc pro tunc*, and denied the other claims raised by Appellant. Subsequently, the Court of Common Pleas acknowledged that the other claims should instead have been dismissed without prejudice, and the Superior Court agreed. Thereafter, our Supreme Court received Appellant's petition for allowance of appeal and denied it.

On June 16, 2014, Appellant filed an amended PCRA petition, re-raising the other original claims that were raised in his earlier PCRA petition and adding two new claims.[1] The Commonwealth

_____

[1] In relevant part, Appellant claimed trial counsel was ineffective by not playing a tape recording of a 911 call, which, in Appellant's view, would have supported his theory of multiple shooters. **Commonwealth v. Bennett**, 1418 EDA 2015, 2016 WL 5001415, *12 (Pa. Super. filed July 11, 2016) (unpublished mem.), *appeal denied*, 166 A.3d 1237 (Pa. 2017). Appellant claimed that the caller in the 911 tape said "they're outside shooting. The bar just let out, and they're ju...it's like the OK corral out there," suggesting "more than one person was firing shots." **Id.** at *13. The **Bennett** Court, *(Footnote Continued Next Page)*

filed a motion to dismiss on November 13, 2014, and Appellant filed a response to the Commonwealth's motion to dismiss on January 28, 2015. Having reviewed the pleadings and conducted an independent review, the PCRA court determined that an evidentiary hearing pursuant to Pa.R.Crim.P. 90[7] was warranted on only one of Appellant's claims. Following the evidentiary hearing on May 14, 2015, the PCRA court dismissed Appellant's claim in open court, and dismissed the remainder of Appellant's claims in a written Order that same day. This timely appeal followed.

On February 9, 2003, Appellant and Ramone Randolph (Randolph) attended a birthday party at Neil's R & R Hideaway (Bar) at 33rd and Reed Streets in South Philadelphia. The party ended in the early morning hours, and, like the other attendees, Appellant and Randolph left the Bar and lingered outside. At approximately 2:20 a.m., as Randolph was sitting in the driver's seat of his car, Appellant approached the car and shot six times through the closed driver's side window.[2] Four of the shots hit

*(Footnote Continued From Prior Page)*

in resolving this claim, stated that trial counsel had a reasonable basis for not playing the tape because:

Not one witness at trial even suggested there was an additional shooter, nor did the ballistics evidence support such a claim. Five eyewitnesses testified that they heard gunshots and saw petitioner, wearing a red, white, and blue jacket, run from the victim's car or run through the Park immediately after the shots were fired . . . .

*See Bennett*, 2016 WL 5001415 at *13 (citation omitted). "After hearing . . . five eyewitnesses who, in sum, directly or circumstantially saw petitioner flee the scene with a gun in his hand, counsel's decision not to alert the jury that the setting on that street corner was comparable to the Wild West was a reasonable one." *Id.* (citation omitted). Appellant's other relevant PCRA claim was that trial counsel was ineffective by failing to object to the admission of the autopsy report. *Id.* at *8 (citation omitted). We add that "the autopsy report . . . did not indicate that the decedent was not shot at close range." *See id.* at *12 n.22 (citation omitted).

[2] At trial, the chief medical examiner testified that the gun was fired "at least two or three feet away from" the victim. N.T. Trial, 5/28/09, at 159.

Randolph, who later died at the Hospital of the University of Pennsylvania.

There was a large number of people who were either standing outside the Bar or sitting in their cars near the Bar when the shooting occurred. Ronnetta Williams was standing in the middle of the street when she heard the gunshots and looked up. She saw Appellant running away from the car with a gun in his hand. She then approached the car and saw that Randolph had been shot. Another partygoer, Teahonda Wilkerson, was also standing outside the Bar when the shooting occurred. She heard the shots, looked up, and saw Appellant run away from Randolph's car and run through Stinger Park (Park), which was across the street from the Bar. Tanisha Woods had also attended the party and was sitting in a car outside the Bar with her sister-in-law and heard the shots. Moments after the shooting, she got a call on her cell phone that her brother, Anthony Woods, was chasing Appellant as he fled the scene of the shooting. Ms. Woods ran up the block and saw her brother in pursuit of Appellant. Ms. Woods saw a gun in Appellant's hand and was afraid that Appellant would shoot her brother, so she yelled to him to stop pursuing Appellant, and he complied.

Appellant was also seen running down the street by two witnesses who had not attended the party. Raymond White, Randolph's cousin, was standing outside of his mother's house near the Bar and across the street from the Park; he heard the shots coming from the direction of the Bar and saw a male wearing a red, white, and blue jacket and wearing a hat running through the Park immediately afterwards. The victim's nephew, Khayree Gay, was also walking near the Bar and saw a man wearing a baseball cap and jacket running through the Park.

Ballistics evidence showed that six shots were fired, all of which were fired from the same gun. Four of these bullets hit Randolph; two shots hit Randolph's upper back, and two hit his left arm. The gun was never recovered.

**Bennett**, 1418 EDA 2015, 2016 WL 5001415, at *1-*2 (some formatting altered). Subsequently, this Court affirmed the denial of Appellant's first

PCRA petition, and our Supreme Court denied Appellant's petition for allowance of appeal on February 22, 2017.

On March 22, 2017, Appellant, acting *pro se*, filed a second PCRA petition.[3] Appellant claimed after-discovered evidence, specifically that on February 24, 2017, Appellant received an affidavit containing new exculpatory evidence. Appellant's PCRA Pet., 3/22/17, at 3. According to Appellant, the affidavit by Myleek Douthcy established Appellant's innocence and that the Commonwealth committed a ***Brady*** violation by suppressing Douthcy's statement. The PCRA court appointed PCRA Counsel, who filed an amended PCRA petition reiterating the claims raised in Appellant's *pro se* petition.

The PCRA court held an evidentiary hearing on August 13, 2018, at which Douthcy testified in relevant part as follows:

> [PCRA Counsel]. Can you explain where you were at the time Mr. Randolph was shot?
>
> [Douthcy]. I was standing outside of the bar on the side by the telephone booth, and where he was at -- he was in the street in his car and it was parked. And I was watching out, and I heard the shots. And I heard [Appellant] say, Get down. He was like a few feet over from me. That's when I just got down and everyone started running off.

N.T. PCRA Hr'g, 8/13/18, at 6-7.

_____

[3] The PCRA court mistakenly labeled this petition as Appellant's third. ***See*** PCRA Ct. Op. at 9.

Douthcy testified that he did not see the shooter. *Id.* at 9. Douthcy also testified that when the police interviewed him, he told the police that Appellant was not involved. *Id.* at 10-11. Douthcy explained that after learning Appellant was arrested, he did not inform Appellant or his counsel about his testimony because he was living in Williamsport at that time. Subsequently, the PCRA court asked Douthcy from whom did he hear that Appellant was arrested, and Douthcy responded as follows:

> Through the streets that [Appellant] got arrested for it, and they said that he came and got him and they had let him go. So after that, it wasn't my concern. And then in 2015[4] or '14, I bumped into him, [Appellant], in SCI Dallas. And I said to him, "What are you here for?" He let me know that he was incarcerated for the homicide for that day. And I was like, "How?" Because my understanding was that they said you wasn't -- it wasn't you that did it and I know that he wasn't there. I didn't see you do anything, I just heard you say, get down, and everything.

*Id.* at 11-12.

On December 28, 2018, the PCRA court denied Appellant's PCRA petition. Appellant timely filed a *pro se* notice of appeal and a timely *pro se* court-ordered Pa.R.A.P. 1925(b) statement, which challenged, among other items, the PCRA court's denial and PCRA Counsel's advocacy. At that point in time, PCRA Counsel had not yet withdrawn from representing Appellant.

---

[4] We note Appellant's first PCRA petition was pending in 2014, and the PCRA court dismissed it on May 14, 2015.

Subsequently, PCRA Counsel filed a motion to withdraw in this Court, which asserted that he had not been retained for appeal. This Court denied the motion to withdraw without prejudice to have PCRA Counsel refile his motion in the PCRA court. PCRA Counsel subsequently filed a motion to withdraw with the PCRA court, which granted it. Order, 4/25/19. On May 3, 2019, Appellant filed a *pro se* application for leave to file a supplemental Rule 1925(b) statement, which the PCRA court denied.

The PCRA court prepared a Rule 1925(a) opinion reasoning that Douthcy's testimony was "inconsistent with the physical and testimonial evidence introduced at the trial." PCRA Ct. Op. at 7. The PCRA court summarized inconsistencies between Douthcy's affidavit and his testimony at the PCRA hearing. *Id.* at 8. Accordingly, the PCRA concluded that Douthcy's testimony was not credible.[5] *Id.*

Appellant raises the following issues on appeal, which we reordered:

1. Whether the PCRA Court erred and denied petitioner his federal and state constitutional rights to due process of . . . law by dismissing [A]ppellant's PCRA [petition] after conducting an evidentiary hearing and appointment of counsel, only to determine that on appeal, the appellant proceed *pro se* or with retained counsel and that no counsel is to be appointed, which is in violation of Pa. R. Crim. P. Rule 904 (E)(2). Where the [court's] determination is not supported by the record and free of legal errors[?]

---

[5] The PCRA court's opinion addressed other issues that we do not summarize because of our disposition.

2. Whether initial PCRA counsel rendered ineffective assistance of counsel based on his improper/presentation of testimony from after-discovered exculpatory witness Myleek [Douthcy] during an evidentiary hearing conducted on August 13, 2018?

3. Whether the PCRA Court erred and denied appellant his federal and state constitutional rights to due process of law by dismissing [A]ppellant's initial PCRA petition without providing [A]ppellant a Notice of Intent to dismiss pursuant to Pa.R. Crim.P. 907?

4. Whether in reviewing the property of the PCRA filing, it was an abuse of discretion for the PCRA Court to determine that appellant could not obtain relief pursuant to invoking the applications of title 42 Pa. C.S.A. 9543(a)(2)(vi), where appellant presented after-discovered [exculpatory] evidence and met the terms announced [in] *Com v. Small*; 2018 Pa Lexis 3761 (2018)?

Appellant's Brief at 3.

Initially, we address whether Appellant is entitled to appellate counsel for his second PCRA petition. In *Commonwealth v. Jackson*, 965 A.2d 280 (Pa. Super. 2009), the defendant filed a second PCRA petition, and the PCRA court appointed counsel for an evidentiary hearing. *Jackson*, 965 A.2d at 282. The PCRA court denied relief and "relieved [PCRA counsel] of his appointment." *Id.* The defendant, acting *pro se*, appealed. *Id.* at 281.

The *Jackson* Court addressed whether the defendant was entitled to appointed appellate counsel for his second PCRA petition. *Id.* at 283. It first quoted Pa.R.Crim.P. 904(D) and (F)(2):

(D) On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant.

- 8 -

* * *

(F) When counsel is appointed,

* * *

(2) the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, **including any appeal** from disposition of the petition for post-conviction collateral relief.

Pa.R.Crim.P. 904(D), (F)(2) (emphasis in original).

The *Jackson* Court reasoned as follows:

At first glance, it appears that Rule 904(D) limits the appointment of counsel to only the evidentiary hearing. However, our courts have consistently interpreted Rule 904(F)(2) and its predecessors, Rule 904(E) (2003), Rule 904(D) (2001), and Rule 1504(d) (2001), to extend the right of representation throughout the appeals process. The appointment of counsel throughout the litigation of a first petition is mandatory even when it appears that the petition is untimely or the petition does not present a cognizable claim. The appointment of counsel is considered necessary in order to determine whether the petitioner could invoke a timeliness exception or raise a cognizable claim.

We find that the same logic extends to cases in which counsel is appointed pursuant to Rule 904(D). If the appointment of counsel is deemed necessary for purposes of conducting an evidentiary hearing, then the petitioner requires the assistance of counsel throughout the litigation of the issue. Such litigation necessarily includes the appeals process.

*Jackson*, 965 A.2d at 283-84 (citations and footnotes omitted). The

*Jackson* Court therefore remanded for appointment of appellate counsel

and noted counsel may file a Rule 1925(b) statement *nunc pro tunc* to

preserve any issues. *See id.* at 284.

Although our research has not identified any **reported** case citing *Jackson*, we note that a party may cite to non-precedential cases for their persuasive value to the extent those cases were filed after May 1, 2019. **See** Pa.R.A.P. 126(a)-(b). Most recently, in **Commonwealth v. Davis**, 525 EDA 2019, 2019 WL 4899219 (Pa. Super. Oct. 4, 2019) (unpublished memo.), the PCRA court appointed PCRA counsel for the defendant's second PCRA petition. **Davis**, 2019 WL 4899219 at *1. Following the PCRA court's denial of relief, the defendant, acting *pro se*, appealed. **Id.** at *2. The **Davis** Court noted that appointed PCRA counsel never filed a petition to withdraw and did not enter her appearance before this Court. **Id.**

Citing to Rule 904(F)(2) and **Jackson**, the **Davis** Court stated:

When counsel is appointed to represent a PCRA petitioner, "the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition." Pa.R.Crim.P. 904(F)(2). This Court has held that Rule 904(F)(2) applies not just in cases where counsel is appointed as of right for a first-time PCRA petitioner, but also when counsel is appointed by the court for an evidentiary hearing on a second PCRA petition. **Jackson**, **supra**.

**Id.** Based in part on this reasoning, and because of the procedural posture in the case, which we do not recap here for brevity, the **Davis** Court vacated the order dismissing the defendant's second PCRA petition and remanded to have the PCRA court resolve whether the defendant wished to be represented by appellate counsel or proceed *pro se* on appeal. **Id.** at *3.

- 10 -

In **Commonwealth v. Corbett**, 2040 EDA 2017, 2019 WL 4273820 (Pa. Super. Sept. 10, 2019) (unpublished memo.), the Court addressed a similar situation to the instant case, except involving privately-retained counsel for a second PCRA petition. **Corbett**, 2019 WL 4273820 at *1. In **Corbett**, the defendant's privately-retained counsel filed a second PCRA petition, the PCRA court held an evidentiary hearing, and the PCRA court denied relief. **Id.** The defendant, acting *pro se*, filed an appeal. **Id.** Following a procedural exchange that we do not summarize, the defendant's privately-retained counsel filed a motion to withdraw with this Court, which granted it. **Id.**

The **Corbett** Court addressed whether the defendant was "properly proceeding *pro se*" on appeal. **Id.** (stating, "Before reaching the merits of [the defendant's] claims on appeal, we must determine first whether he is properly proceeding *pro se*.").

> For second and subsequent petitions, a petitioner is not entitled to the appointment of counsel unless the petitioner proves he "is unable to afford or otherwise procure counsel, and an evidentiary hearing is required[.]" Pa.R.Crim.P. 904(D). In such an instance, counsel must be appointed, and appointed counsel shall continue representation throughout the PCRA proceedings, including any appeal therefrom. Pa.R.Crim.P. 904(F)(2).
>
> Although this was [the defendant's] second PCRA petition, he may have had a rule-based right to counsel, as the PCRA court determined that an evidentiary hearing was required. However, because [the defendant] retained private counsel prior to filing his petition, the PCRA court did not determine whether [the defendant] was unable to afford or otherwise procure counsel, which would have entitled him to appointed counsel pursuant to Pa.R.Crim.P. 904(D).

- 11 -

*Id.* at *2. The **Corbett** Court continued: "Although this Court granted [privately-retained counsel's] petition to withdraw, if [the defendant] is unable to afford or otherwise procure counsel, his rule-based right to counsel for his second PCRA petition remains in effect on appeal. **See** Pa.R.Crim.P. 904(D) and (F)(2)." **Id.** The **Corbett** Court remanded "to the PCRA court to conduct any proceedings it deem[ed] necessary to determine whether [the defendant was] entitled to appointed counsel for this appeal." **Id.**

> The PCRA court shall file an opinion with this Court within 30 days as to one of the following: (1) If the PCRA court determines that [the defendant] was entitled to appointed counsel on his second PCRA petition, the PCRA court shall appoint new counsel. The P[C]RA court shall additionally order appointed counsel to file a Pa.R.A.P. 1925(b) statement on [the defendant's] behalf. (2) If [the defendant] is entitled to appointed counsel, but indicates he would like to proceed *pro se*, the PCRA court shall conduct an on-the-record colloquy to ensure the decision to waive counsel is knowing, intelligent, and voluntary. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). (3) If [the defendant] is able to afford or otherwise procure counsel, but declines to do so, the PCRA court shall advise this Court and this appeal shall proceed accordingly.

*Id.*

Turning to the instant case, the PCRA court, identical to the PCRA court in **Jackson**, dismissed Appellant's appointed counsel for Appellant's second PCRA petition without appointing new appellate counsel. **See Jackson**, 965 A.2d at 283-84 (relieving PCRA counsel of his appointment). **Cf. Davis**, 2019 WL 4899219 at *3 (noting defendant's appointed counsel for his second PCRA petition never filed a petition to withdraw but

defendant, acting *pro se*, appealed); **Corbett**, 2019 WL 4273820 at *2 (noting this Court granted the defendant's privately-retained PCRA counsel petition to withdraw, but that defendant, if unable to afford or obtain counsel, is still entitled to appointed appellate counsel under Rule 904(D) and (F)(2)).  To paraphrase the **Jackson** Court, and in accord with other non-precedential decisions addressing this issue, we remand to the PCRA court for appointment of new PCRA appellate counsel, who may file a Pa.R.A.P. 1925(b) statement *nunc pro tunc*, unless Appellant wishes to proceed *pro se*.  **See Jackson**, 965 A.2d at 283-84; **accord Davis**, 2019 WL 4899219 at *3 (remanding to have PCRA court determine whether defendant wished to be represented by appointed counsel on appeal or proceed *pro se*); **Corbett**, 2019 WL 4273820 at *2 (remanding for further proceedings to establish whether the defendant should proceed *pro se* or with counsel).  Should Appellant wish to proceed *pro se*, the PCRA court must hold a **Grazier** hearing and supplement the certified record with the notes of testimony from that hearing.  **See Corbett**, 2019 WL 4273820 at *2.  Any newly-appointed PCRA counsel must remain in the case until the final disposition of Appellant's second PCRA petition.  The PCRA court may file a new Rule 1925(a) opinion or rely on its prior opinion.  Our Prothonotary is instructed to establish a new briefing schedule upon receiving notice from new appellate counsel unless Appellant is proceeding *pro se*.

Case remanded with instructions.  Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/20