J-S03044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC WILLIAM | : | |
| | : | |
| Appellant | : | No. 844 EDA 2022 |

Appeal from the PCRA Order Entered March 9, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008144-2015

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.:  **FILED JULY 17, 2023**

Eric William ("William") appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate the order and remand for further proceedings.

Given our disposition, a detailed factual recitation is unnecessary.  In 2020, William filed a timely *pro se* PCRA petition collaterally attacking his criminal conviction for, *inter alia*, murder.  The PCRA court appointed counsel, who filed an amended petition.  The PCRA court ultimately dismissed the petition.  William filed a timely notice of appeal.

While the instant appeal was pending, William submitted a *pro se* request for remand based on the ineffectiveness of PCRA counsel in failing to raise several issues that counsel agreed to include in the amended petition.

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

William invoked ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021) (holding that a PCRA petitioner may raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal). William then submitted a *pro se* motion for the appointment of new counsel. Therein, he again detailed PCRA counsel's ineffectiveness and again requested remand to raise PCRA counsel's ineffectiveness pursuant to ***Bradley***, or for the appointment of new counsel. William's *pro se* submissions were forwarded to PCRA counsel,[2] who neither petitioned to withdraw nor sought a remand.

Ultimately, PCRA counsel filed a patently deficient appellate brief on behalf of William. Therein, PCRA counsel purported to identify multiple claims of trial counsel's ineffectiveness; however, PCRA counsel failed to identify or discuss any of the three factors necessary to establish an ineffectiveness claim. ***See Commonwealth v. Steele***, 961 A.2d 786, 797 (Pa. 2008) (holding that, where appellant fails to set forth and meaningfully discuss all three prongs of the ineffectiveness test, such claims are waived for lack of development).

_____

[2] William's *pro se* submissions were forwarded to PCRA counsel pursuant to ***Commonwealth v. Jette***, 23 A.3d 1032, 1044 (Pa. 2011), *abrogated on other grounds by **Bradley**, **supra** (holding that the proper response to a *pro se* pleading is to refer the pleading to counsel of record and take no action on the pleading unless counsel forwards a motion). However, pursuant to **Bradley**, a PCRA petitioner may raise *pro se* claims of PCRA counsel's ineffectiveness. ***See Bradley***, 261 A.3d at 401. Moreover, pursuant to Pa.R.A.P. 121(g)(ii), a *pro se* request to change or remove counsel is an exception to the general rule regarding *pro se* filings by a represented party.

Under these circumstances, we must remand to the PCRA court to appoint new counsel. William's rule-based right to effective PCRA counsel extends not only to proceedings in the PCRA court, but also throughout the PCRA appeal process. *See Commonwealth v. Jackson*, 965 A.2d 280, 283 (Pa. Super. 2009); *see also Bradley*, 261 A.3d at 401 (explaining that it is essential that a petitioner possess a meaningful method by which to realize his right to effective PCRA counsel). As William has raised PCRA counsel's ineffectiveness at the earliest opportunity, and PCRA counsel's stewardship in this Court is patently deficient, we vacate the order dismissing his petition and remand for the appointment of new counsel to pursue any claims of PCRA counsel's ineffectiveness and, if warranted, to raise any of the other issues that PCRA counsel purportedly failed to include in the amended petition. *See Bradley*, 261 A.3d at 401 (noting that claims of rule-based PCRA counsel's ineffectiveness spring from the original petition itself, and thus do not violate the PCRA's one-year time bar).[3]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

---

[3] While it is clear that PCRA counsel was ineffective in this Court, the certified record is insufficient for this Court to resolve William's claims of PCRA counsel's ineffectiveness in the PCRA court, thereby necessitating remand. *See Bradley*, 261 A.3d at 402 (explaining that "the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter).

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2023