J-S57025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDRE KINARD | : | |
| | : | |
| Appellant | : | No. 2739 EDA 2017 |

Appeal from the PCRA Order July 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0722283-1990

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 09, 2018**

Appellant, Andre Kinard, appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the following relevant facts and procedural history from the PCRA court's October 8, 2017 opinion and our independent review of the certified record.  On February 20, 1992, a jury convicted Appellant of second-degree murder, criminal conspiracy, and two counts of robbery.  The charges stem from Appellant's participation in a March 17, 1990 armed robbery of two men outside of a shoe store in Philadelphia.  Appellant was eighteen years old at the time of the offense.  On October 5, 1993, the trial court sentenced Appellant to a mandatory term of life without parole on the second-degree murder conviction, and a consecutive, aggregate term of not less than twenty-

_____

* Retired Senior Judge assigned to the Superior Court.

five nor more than fifty years' incarceration on the remaining charges. This Court affirmed the judgment of sentence on July 11, 1995, and our Supreme Court denied further review on December 18, 1995. (*See Commonwealth v. Kinard*, 667 A.2d 420 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 668 A.2d 1126 (Pa. 1995)). Appellant thereafter unsuccessfully litigated two PCRA petitions.

Appellant filed the instant *pro se* PCRA petition on June 21, 2010, challenging the validity of his life without parole sentence. After issuing Rule 907 notice, and considering Appellant's response thereto, the PCRA court entered its order dismissing the petition on July 24, 2017. This timely appeal followed.[1]

On appeal, Appellant argues that his life without the possibility of parole sentence is unconstitutional, and argues for an extension of the precepts set forth in *Miller v. Alabama*, 567 U.S. 460 (2012)[2] to individuals such as he, who were eighteen years old at the time of their offense. (*See* Appellant's Brief, at 2, 5-12).

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. It filed an opinion on October 8, 2017. *See* Pa.R.A.P. 1925.

[2] In *Miller*, the United States Supreme Court held that it is unconstitutional for states to sentence juvenile homicide defendants to mandatory sentences of life imprisonment without the possibility of parole. *See Miller*, *supra* at 465. In *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the Court determined that its *Miller* holding constituted a new substantive rule of constitutional law that must be applied retroactively to cases on collateral review. *See Montgomery*, *supra* at 736.

Preliminarily, we note, "[o]ur standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error." ***Commonwealth v. Shiloh***, 170 A.3d 553, 556 (Pa. Super. 2017) (citation omitted). "The timeliness of a PCRA petition is a jurisdictional requisite." ***Id.*** at 557 (citation omitted).

A petitioner must file any PCRA petition, including a second or subsequent petition, within one year of the date the underlying judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). The exceptions to the PCRA time-bar allow for three very limited circumstances under which the late filing of a petition will be excused. ***See id.***[3]; ***see also Shiloh***, ***supra*** at 557. "If the [PCRA] petition is determined to be untimely, and no exception has been

---

[3] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

- 3 -

pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Instantly, Appellant's judgment of sentence became final on March 18, 1996, when his time to file a petition for a writ of *certiorari* with the United States Supreme Court expired.[4]  **See** U.S. Sup.Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3).  Therefore, Appellant had until March 18, 1997, to file a timely PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b)(1).  Because Appellant filed the instant petition on June 21, 2010, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar.  **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As previously noted, Appellant argues that his life sentence is unconstitutional pursuant to **Miller**, thereby invoking the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii).  (**See** Appellant's Brief, at 12).  While Appellant concedes that he was eighteen years old at the time of his offense, he reasons that he possessed the characteristics of youth, rendering him less culpable under **Miller**.  (**See id.** at 5, 7, 11-12).

---

[4] March 17, 1996 was a Sunday.

- 4 -

"The **Miller** decision applies to only those defendants who were 'under the age of 18 at the time of their crimes.'" **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (quoting **Miller**, **supra** at 465).

> This Court has determined that a petitioner who was not a juvenile at the time of his crime may not invoke **Miller** and **Montgomery** to establish an exception to the PCRA's time-bar. In **Furgess**, this Court . . . held that petitioners who were older than eighteen at the time they committed murder are not within the ambit of the **Miller** decision and, therefore, may not rely on that case to satisfy the time-bar exception set forth in Section 9545(b)(1)(iii). **See Furgess**, at 94. In **Commonwealth v. Woods**, 179 A.3d 37, 44 (Pa. Super. 2017) this Court further found **Miller** to be inapplicable where the appellant was eighteen years, thirty-six days old when he committed murder. **See also Commonwealth v. Rodriguez**, 174 A.3d 1130 (Pa. Super. 2017) ("Appellant acknowledges that he was eighteen years old at the time he committed the murder; however, he argues, nevertheless, that he may invoke **Miller** because his immature and/or impulsive brain made him similar to a juvenile. Thus, Appellant seeks an extension of **Miller** to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the **Miller** holding. However, this Court previously has rejected such an argument.") (citation omitted).

**Commonwealth v. Pew**, 189 A.3d 486, 490–91 (Pa. Super. 2018) (one case citation omitted; case citation formatting provided).

Therefore, Appellant, as an adult offender, falls outside the ambit of **Miller**, and his arguments predicated on an extension of that decision fail. Accordingly, we conclude that Appellant has failed to establish that his untimely petition fits within one of the three exceptions to the PCRA's time-

bar. Accordingly, the PCRA court properly dismissed the petition without a hearing. ***See Jackson***, ***supra*** at 519.[5]

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/18

---

[5] We note for the sake of completeness that Appellant's assertion that he is entitled to the appointment of counsel for litigation of this third petition is incorrect. (***See*** Appellant's Brief, at 2, 9). PCRA petitioners are automatically entitled to appointed counsel only on the first petition, or where an evidentiary hearing is necessary; this right does not extend to subsequent petitions like the one before us where an evidentiary hearing is not required. ***See*** Pa.R.Crim.P. 904(C),(D); ***see also Commonwealth v. Jackson***, 965 A.2d 280, 283 (Pa. Super. 2009).