J. S11039/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SAHARRIS ROLLINS, | : | No. 2363 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 20, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0807052-1987

BEFORE: SHOGAN, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 17, 2019**

Saharris Rollins appeals from the June 20, 2017 order entered in the

Court of Common Pleas of Philadelphia County that dismissed his third petition

filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546. We affirm.

The PCRA court set forth the following:

> [Appellant] was arrested and subsequently charged in
> connection with the fatal shooting of Kevin Johnson in
> 1982. On July 21, 1988, following a jury trial presided
> over by the Honorable Michael R. Stiles, [appellant]
> was convicted of first-degree murder. On June 19,
> 1989, the trial court sentenced [appellant] to life
> imprisonment. Following a direct appeal, the Superior
> Court affirmed the judgment of sentence on March 1,
> 1990.[Footnote 2] The Pennsylvania Supreme Court
> denied ***allocatur*** on August 24, 1992.[Footnote 3]

> [Footnote 2] ***Commonwealth v. Rollins***,
> 576 A.2d 1138 (Pa.Super. 1990)
> (unpublished memorandum).

> [Footnote 3] ***Commonwealth v. Rollins***,
> 613 A.2d 558 (Pa. 1992) (table).

On January 17, 1997, [appellant] filed his first ***pro se*** PCRA petition. Attorney James Bruno, Esquire was appointed and an amended petition was filed on December 7, 1999. The PCRA court subsequently denied relief on May 30, 2001. The Superior Court affirmed the order denying relief on May 30, 2003.[Footnote 5] The Pennsylvania Supreme Court quashed [appellant's] petition for allowance of appeal on March 3, 2004.[Footnote 6] [Appellant] was unsuccessful in obtaining collateral relief through a serial petition filed in 2013.

> [Footnote 5] ***Commonwealth v. Rollins***,
> 829 A.2d 364 (Pa.Super. 2003)
> (unpublished memorandum).

> [Footnote 6] ***Commonwealth v. Rollins***,
> 844 A.2d 1215 (Pa. 2004).

On March 10, 2016, [appellant] filed the instant ***pro se*** PCRA petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [appellant] was served notice of the PCRA court's intention to dismiss his petition on March 17, 2017. [Appellant] submitted a response to the Rule 907 notice on March 31, 2017.[1] On June 20, 2017, the PCRA court dismissed his petition as untimely. On July 18, 2017, the instant notice of appeal was timely filed to the Superior Court.

---

[1] We note that appellant's response to the PCRA court's Rule 907 notice was a request for an extension of time in which to file a response because of appellant's limited access to the prison law library. (Appellant's "notice of intent to respond to courts [sic] proposed 907 notice," 3/31/17.) The PCRA court did not rule on appellant's request for an extension of time, and appellant never filed a substantive response to the Rule 907 notice.

PCRA court opinion, 9/14/17 at 1-2 (footnote 4 omitted).

The record reflects that the PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court did, however, file a Rule 1925(a) opinion. The record further reflects that although appellant filed his notice of appeal to this court *pro se*, Matthew C. Lawry, Esq., of the Federal Community Defender Office for the Eastern District of Pennsylvania, filed an entry of appearance on appellant's behalf with this court on August 29, 2017. Attorney Lawry also filed a brief and reply brief on appellant's behalf.

Appellant raises the following issues for our review:

[1.] Whether PCRA counsel's complete failure to subject the Commonwealth's case to adversarial testing may overcome the PCRA's time bar to permit litigation of additional or ineffectively presented claims through a successor PCRA petition?

[2.] Whether this case should be remanded for the appointment of counsel to develop the facts regarding (a) the timeliness of the petition, and (b) the merits of the petition?

Appellant's brief at 1.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of

the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); *see also Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on June 19, 1989. Appellant filed timely post-trial motions, which the trial court denied. On March 1, 1990, this court affirmed appellant's judgment of sentence. *Rollins*, 576 A.2d 1138. On August 24, 1992, our supreme court denied appellant's petition for allowance of review. *Rollins*, 613 A.2d 558. Consequently, appellant's judgment of sentence became final on November 25, 1992,[2] 90 days after our supreme court denied his petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super. 2013); U.S. Supreme Court Rule 13. Therefore, appellant's petition, filed on March 10, 2016, is facially untimely. As a result, the PCRA

---

[2] We note that the 90th day following our supreme court's denial of his petition fell on Saturday, November 23, 1992. Therefore, appellant's judgment of sentence became final on Monday, November 25, 1992. *See* 1 Pa.C.S.A. § 1908 (when the last day of any period of time referred to in a statute falls on a Saturday, Sunday, or legal holiday, that day shall be omitted from the computation).

court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012). The PCRA requires that all petitions invoking an exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3] The appellant bears the burden of pleading and proving the applicability of any exception. *Id.* at § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. *Id.* at 9545(b)(1)(i-iii).

---

[3] The 60-day rule applicable to appellant's claim was codified at 42 Pa.C.S.A. § 9545(b)(2) and required that "[a]ny petition invoking an exception . . . shall be filed within 60 days of the date the claim could have been presented." A 2018 amendment to Section 9545(b)(2) substituted "within one year" for "within 60 days." The effective date of the amendment is December 24, 2018, and the amendment applies to claims arising one year before the effective date or thereafter. *See* Act 2018-146, § 3. Therefore, because appellant's claim arose prior to December 24, 2017, the 60-day rule applies.

Here, appellant attempts to invoke the new-facts exception to the one-year time-bar set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). In his PCRA petition, appellant alleges the following facts:

> Based upon just discovered "public records/judicial" regarding Attorney James S. Bruno, and after the fact of [appellant's] state & federal court proceedings [sic]. This after-discovered [sic] impacted my appeal's [sic]. [Appellant] invokes rights for concise pleadings, development, litigation, wa [sic] counsel being appointed

PCRA petition, 3/10/16 at 3, ¶ 5(A) (full capitalization omitted).

Appellant then explains the facts that were made known to him by means other than his personal knowledge, as follows:

> During law library visitation I read Graterfriends [sic] newsletter dated Jan. 9, 2016, which was [appellant's] means of discovering the facts/evidence related to the instant filing hereto.

*Id.* at 3, ¶ 5(B) (full capitalization omitted).

Appellant then sets forth the matters that he intends to assert on appeal, as follows:

> The failure to raise/litigate was based upon improper obstruction of governmental interference and denial of due process premised upon Pa.Const.Art I § 6,14,9, which impacted [appellant's] rights of appeal and compulsory process thereto.

*Id.* at 3, ¶ 5(C) (full capitalization omitted).

Appellant then asks the PCRA court to consider the following argument:

> [Appellant] invokes 42 Pa.C.S.A. § 9545(b)(1)(ii) pursuant to Com. v. Bennett, 930 A2d [sic] 1264 (Pa.2007), in [sic] [appellant] need only establish that

1.) 'the facts upon which the claim was predicated were unknown' and 2.) 'could not have been ascertained by the exercise of due diligence'. [Appellant] can prove these two components, where the PCRA court has jurisdiction over the claims under this subsection. [Appellant] invokes Pa.R.Crim.P., 905(a) to grant leave to amend previous unknown [sic] by that court-appointed counsel requested by [appellant], more so based upon governmental interference. [Appellant] further invokes authority pursuant to Pa.R.Crim.P., 720(C) dictates claims of after-discovered evidence governs his petition based upon tangible-evidence/records that have been discovered to exist; See Com. v. McCracken 659 A2d [sic] 541-545 (Pa.1995); Com. v. Reese, 663 A2d [sic] 206, 209-210 (Pa.Super. 1995); Com. v. Valderrama, 388 A2d [sic] 1042, 1045 (Pa.1978) (granting a new trial based on the discovery of a complete set of social security records); which under tangible-evidence/records satisfies Pa.R.Crim.P. 720(C) and § 9545(a)(2)(vi). [Appellant] reserves the rights to amend/supplement pursuant to Pa.R.Crim.P., 905(a) pursuant to court-appointed counsel provided by the Court.

*Id.* at addendum (in response to PCRA form petition p.7, ¶ 14 which permits a petition to "ask that the Court consider the following argument, citation and discussion of authorities").

With respect to dismissal of appellant's petition, the PCRA court explained that:

Although [appellant] arguably acknowledged the PCRA's statutory time-bar, he failed to coherently address it. Instead, [appellant] reproduced a section of a prior PCRA petition containing fragmented legal analysis and judicial decisions. *See* PCRA petition, 7/24/13 at 8 (unpaginated). [Appellant's] unintelligible petition failed to plead and prove an exception to the PCRA's time-bar.

- 7 -

> Even construing his petition as attempting to raise a new 'fact' regarding his prior PCRA attorney, James Bruno, the underlying challenge presumably implicated counsel's stewardship and was therefore unavailing for purposes of the timeliness provision.

PCRA court opinion, 9/14/17 at 3.

Our review of appellant's PCRA petition reveals that he failed to plead or prove an exception to the time-bar. Indeed, in his counseled brief, appellant concedes that he "did not unambiguously set out the specifics of his claim." (Appellant's brief at 9.)

Nevertheless, in his counseled brief, appellant relies on *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), for the proposition that ineffective assistance of counsel can be an after-discovered "fact" falling within the second timeliness exception when counsel's ineffectiveness was so deficient as to represent complete abandonment by counsel. (*See* appellant's brief at 7-10.) Appellant's reliance on *Bennett* is misplaced.

Generally, a claim of ineffectiveness does not constitute a "fact" for purposes of the timeliness exception allowed by 42 Pa.C.S.A. § 9545(b)(1)(ii). *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785-786 (Pa. 2000). The exception to this rule under *Bennett* is that where counsel abandons a petitioner for purposes of appeal, and where the petitioner exercises due diligence in discovering the abandonment and files a petition within 60 days of that discovery, the petition will be considered timely. *Bennett*, 930 A.2d at 1272-1274 (holding petition may be timely where PCRA

counsel failed to file a brief on appeal, petitioner never received a copy of the superior court's order dismissing his PCRA appeal for failure to file the brief, and petitioner filed a second petition within 25 days after learning of the dismissal). The **Bennett** court noted that because "it is illogical to believe that a counsel that abandons his or her client for a requested appeal will inform his client that his case has been dismissed because of his own failures," it should not be presumed that a prisoner is aware of the status of his own case, albeit a matter of public record. **Id.** at 1274. Although **Bennett** established an exception to the general rule that ineffectiveness of counsel is not a new fact, it remains essential that appellant establish that he discovered new facts giving rise to a claim under **Bennett** within 60 days of filing his third petition on March 10, 2016.

In his PCRA petition, appellant fails to identify the new fact he discovered about Attorney Bruno. He merely states that he "just discovered" a fact "regarding Attorney Bruno." (PCRA petition, 3/10/16 at 3, ¶ 5.) Appellant, therefore, failed to plead the cognizability of his petition in the petition itself. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1126 (Pa. 2005) (reiterating that the petitioner bears the burden of pleading exceptions to the time-bar in the PCRA petition). Appellant attempts to remedy his deficiency in his counseled brief wherein he claims that he discovered that Attorney Bruno was suspended from the practice of law for ethical violations that stemmed from counsel's attention deficit disorder and that new fact

supports his claim that counsel was "medically and mentally incapable of providing meaningful representation." (Appellant's brief at 10.) Notwithstanding appellant's failure to raise this allegation before the PCRA court, appellant fails to demonstrate cognizability by citing to even one example of how Attorney Bruno's suspension in 2014 from the practice of law for ethical violations stemming from his attention deficit disorder arguably rose to the level of complete abandonment by PCRA counsel with respect to appellant's first amended PCRA petition filed in 1997.

Instead of pleading and proving a timeliness exception, appellant requests appointment of counsel "to determine whether there was a valid factual and legal basis for [a]ppellant's claim, and to present and litigate the claim if there was such a basis." (*Id.* at 12.) The automatic right to court-appointed counsel in collateral appeals only applies to the first PCRA petition. *See* Pa.R.Crim.P. 904(A); *Commonwealth v. Jackson*, 965 A.2d 280, 283 (Pa.Super. 2009). A PCRA petitioner who satisfies the PCRA court of the inability to afford or otherwise procure counsel is entitled to appointment of PCRA counsel under Pa.R.Crim.P. 904(D) for a second or subsequent petition only if an evidentiary hearing is required under Pa.R.Crim.P. 908. Here, no evidentiary hearing was required.

Therefore, appellant has failed to invoke a valid exception to the PCRA time-bar, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/19