J-A11015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN BYRD | : | |
| | : | |
| Appellant | : | No. 1642 EDA 2021 |

Appeal from the PCRA Order Entered August 2, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0419813-1990

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 4, 2022**

John Byrd appeals *pro se* from the order that dismissed as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

This case stems from an 1989 altercation between Appellant and Van Hall, on the one hand, and Leroy Powell and his uncle Curtis Tucker on the other.  The dispute, which took place in public in front of a group of people including Vincent Lewis, concluded with Appellant and Hall shooting and killing Mr. Powell.  Appellant was arrested weeks later, found with a bulletproof vest and a firearm of the same caliber of the weapon used to kill Mr. Powell.  At a joint trial with co-defendants Hall and Lewis, Appellant was convicted of first-degree murder and other crimes and was sentenced to life imprisonment without the possibility of parole in 1992.  He filed no direct appeal.  Appellant's

initial, timely PCRA petition was denied by the PCRA court, and this Court affirmed in *a nunc pro tunc* appeal permitted as a result of Appellant's second PCRA petition. **See Commonwealth v. Byrd**, 2395 EDA 1999 (Pa.Super. July 7, 2000) (unpublished memorandum). Subsequent PCRA filings yielded no relief.

Appellant filed the PCRA petition at issue in the instant appeal in April 2018, purported to amend it in August 2018, and requested leave to further supplement it in May 2019. For reasons not apparent from the certified record, no action was taken on any of Appellant's pending filings until April 12, 2021, when the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing as untimely. Receiving no response from Appellant, the PCRA court dismissed the petition by order of August 2, 2021. Appellant thereafter filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement and none was filed. However, the PCRA court authored a Pa.R.A.P. 1925(a) opinion reiterating the bases for dismissing the petition as untimely as stated in the Rule 907 notice.

Appellant presents the following questions for our determination:

    I.    Whether in reviewing the propriety of the PCRA court's dismissal of Appellant's second or subsequent PCRA filing, it was an abuse of discretion for the PCRA court to determine that it was untimely and did not meet an exception to the timeliness provisions of the post-conviction relief act where the petition was timely filed under title 42 Pa.C.S. § 9545(b)(1)(i) & (ii) and § 9545(b)(2) where Appellant

established the government interference and newly discovered facts exceptions to the time bar?

II. Whether the PCRA court erred and denied Appellant his federal and state constitutional rights to due process of the law by dismissing Appellant's second or subsequent PCRA petition without conducting an evidentiary hearing and appointment of counsel where Appellant's claims raised questions of disputed facts regarding the timeliness of his PCRA petition?

Appellant's brief at 4 (cleaned up).

We begin with the applicable legal principles. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

There is no absolute right to a hearing on a PCRA petition. Rather, "a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (internal quotation marks omitted). Additionally, while a first-time indigent petitioner has a right to appointed counsel, counsel need only be appointed to assist a defendant with a second or subsequent petition if a hearing is warranted. *See*

***Commonwealth v. Jackson***, 965 A.2d 280, 283 (Pa.Super. 2009) (citing Pa.R.Crim.P. 904(D)).

It is well-settled that, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa.Super. 2019). The PCRA provides as follows regarding the time for filing a petition:

> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 4 -

Mindful of the governing law, we turn to Appellant's arguments. Appellant acknowledges that the instant petition, filed decades after his judgment of sentence became final, is facially untimely. *See* PCRA Petition, 8/23/18, at 2. In the petition and the memorandum of law appended to that filing, Appellant alleged that he could satisfy the newly-discovered facts exception based upon two affidavits he received in March of 2018. *Id*.; Memorandum of Law, 8/23/18, at 2. He explained that "he had his family put up a [F]ace[book] page asking if any body . . . knew any thing about the Dec. 23, 1989 incident," and, if so, if they would "please come forward," and "that is when [he] got the affidavits." *Id*. at 3.

One of the affidavits was executed by Tyshell Brown. It indicated that he came across the Facebook post about the murder and "[w]hat shocked me was [that I was] there when it happened." Affidavit of Tyshell Brown, 3/11/18. Mr. Brown stated that he clearly remembered that he was on his way to his cousin's house when he saw the altercation involving "an older male I didn't know with others I did." *Id*. The older man shouted "shoot that Mf now" and "a younger male" began shooting, resulting in Appellant being shot. *Id*. Mr. Brown's cousin then helped carry Appellant to his car. *Id*.

The other affidavit was executed by Appellant's co-defendant Lewis. Lewis indicated that the victim was armed and shot Appellant in the altercation, but no gun was found because Lewis took the victim's gun and money while they were carrying Appellant from the scene. *See* Affidavit of

Vincent Lewis, 3/23/18. Lewis did not mention it earlier because he "didn't want to be charged more," but now wanted to clear his conscience. *Id*.

In his proposed amendment to the petition,[1] Appellant alleged that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose ballistics evidence and gunshot residue from the victim's hands, and that this claim is timely-raised under the governmental interference exception to the PCRA's time bar. *See* Amended PCRA Petition, 5/10/19, at unnumbered 2. This claim is based upon a version of events, wholly incompatible with co-defendant Lewis's conscience-clearing affidavit, in which Appellant, wearing his bulletproof vest, was shot by the aggressor-victim, the victim fell and dropped his gun, and Appellant picked it up and shot the victim with the victim's own gun. *Id*. at 4. Therefore, the bullet in Appellant's bulletproof vest would have matched the bullets recovered from the victim's body. However, the prosecutor said that "the Ballistics told him that they couldn't retrieve the bullet from out of the vest." *Id*. Further, "[c]lothing was thrown out of [Appellant]'s whole trial that could have had powder residue and bullet holes" made by the victim and "everything concerning a bullet in

---

[1] The proposed amendment was attached to Appellant's 2019 motion for leave to supplement the 2018 petition that was neither granted nor denied by the PCRA court in the years that Appellant's petition remained unaddressed by the court. However, it appears that the PCRA court informally allowed the amendment insofar as it considered the allegations therein in its Pa.R.Crim.P. 907 notice. Accordingly, we review these allegations in determining whether Appellant pled and offered to prove a timeliness exception.

the vest was deleted from the [t]rial [c]ourt [t]ranscripts." ***Id***. Appellant asserted that the prosecution's failure to produce this evidence deprived him of due process and a fair trial. ***Id***.

The PCRA court explained its conclusion that neither timeliness exception alleged by Appellant granted it jurisdiction over Appellant's current PCRA petition as follows:

> At the outset, [Appellant] failed to allege, much less prove, that the fact that he was shot by the victim was previously unknown. To the contrary, [Appellant] explicitly acknowledged his awareness of this fact. ***See*** Supplemental [P]etition, 5/10/19 at 6 (unpaginated). Specifically, [Appellant] described his purported acquisition of the victim's firearm after the victim shot him. ***See id***. Thus, the witnesses' statements are merely new sources for a previously-known fact and unavailing for purposes of subsection 9545(b)(1)(ii). ***See Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (holding that the focus of section 9545(b)(1)(ii) "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts").
>
> Even if [Appellant] was unaware of this fact, he failed to demonstrate that it was previously unascertainable with the exercise of due diligence. [Appellant] averred that he received these affidavits soon after he directed his family to solicit information on Facebook. ***See*** Memorandum of law, 4/23/18 at 3. [Appellant] failed to establish that he couldn't have attempted to contact Lewis earlier or directed his family to create the social-media post until nearly three decades after his trial.
>
> Alternatively, [Appellant] attempt[s] to satisfy the governmental-interference exception, 42 Pa.[C.S.] § 9545(b)(1)(i), by claiming that the Commonwealth failed to disclose ballistic evidence in violation of ***Brady***. ***See*** Supplemental petition, 5/10/19 at 4, 6 (unpaginated). At the outset, [Appellant] failed to substantiate the alleged ***Brady*** violation with supporting evidence. This omission was fatal to [Appellant]'s attempt to satisfactorily invoke subsection 9545(b)(1)(i). Furthermore, [Appellant] did not even attempt to demonstrate that he raised this claim within the time period

mandated by subsection 9545(b)(2). Therefore, [Appellant] has failed to invoke an exception, and the order dismissing his petition should be affirmed.

PCRA Court Opinion, 8/12/21, at 1-2 (footnote omitted).

We discern no error on the part of the PCRA court. Even assuming *arguendo* that the affidavits of Lewis and Mr. Brown contained new facts of which Appellant had previously been unaware—namely that Appellant had been shot by the victim before Appellant used the victim's gun, which had supposedly instead been retrieved by Lewis, to kill the victim—Appellant failed to offer any explanation why he could not have discovered these facts earlier. Without supplying any dates, Appellant alleges that he obtained the affidavits shortly after directing his family to post on Facebook, but has no explanation why he could not have done so years ago with the same result. Accordingly, he pled insufficient facts in his petition to support the newly-discovered facts timeliness exception. *See*, *e.g.*, *Commonwealth v. Monaco*, 996 A.2d 1076, 1082 (Pa.Super. 2010) (affirming dismissal of petition as untimely where the appellant "failed to explain his lack of action or, alternatively, why he could not or did not obtain [the evidence that established the allegedly-newly-discovered fact] at an earlier date").

As for the *Brady* claim, it is well-settled that, "[a]lthough a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the

information could not have been obtained earlier with the exercise of due diligence." ***Commonwealth v. Smith***, 194 A.3d 126, 133 (Pa.Super. 2018). Here, Appellant contended that the prosecution told him at the time of his 1991 trial that the supposed exculpatory evidence from the bulletproof vest and clothing was unavailable. ***See*** Amended PCRA Petition, 5/10/19, at unnumbered 4. He offered no explanation of what the government did to interfere with his ability to raise this ***Brady*** claim in the initial twenty-five years after his conviction, or what efforts enabled him to raise it for the first time in 2018. Therefore, Appellant's claim of error as to the governmental-interference exception is also unavailing.

Having discerned that Appellant's first issue lacks merit because the PCRA court properly held that Appellant failed to invoke a timeliness exception, Appellant's second issue regarding the PCRA court's failure to appoint counsel and hold a hearing is likewise meritless. As indicated above, Appellant was entitled to counsel only if a hearing was warranted, and a hearing was warranted only if his petition raised genuine issues of material fact as to his ability to satisfy a PCRA timeliness exception. ***See Cruz***, ***supra*** at 277; ***Jackson***, ***supra*** at 283. Since Appellant failed to plead the requisite facts, the PCRA properly declined to appoint counsel or hold a hearing. As such, Appellant's final issue warrants no relief.

In sum, Appellant has failed to convince us that the PCRA court erred and that relief is due. ***See Stansbury***, ***supra*** at 161 We therefore affirm the

PCRA court's order dismissing his PCRA petition as untimely without appointing counsel and holding a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2022