J-S15040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ROBERT SCHOLL | : | |
| | : | |
| Appellant | : | No. 1328 MDA 2022 |

Appeal from the PCRA Order Entered August 9, 2022
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001683-2013

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:      **FILED: AUGUST 7, 2023**

James Robert Scholl ("Scholl") appeals from the order dismissing his petition seeking relief pursuant to Post Conviction Relief Act[1] ("PCRA") as an untimely second petition. Scholl's counsel has filed a petition to withdraw from representation and a no-merit letter brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We deny Scholl's counsel's petition to withdraw with instructions.

This Court previously summarized the procedures leading to this appeal as follows:

> In March 2014, a jury found Scholl guilty of three counts each of aggravated assault (attempt to cause serious bodily injury), aggravated assault (attempt to put official in fear of serious bodily injury), terroristic threats, simple assault, . . .

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

recklessly endangering another person, and one count each of resisting arrest and possession of firearm prohibited. The trial court found him guilty of harassment. The convictions stemmed from an incident in which Scholl pointed a gun at three police officers who had gone to his home in response to a report of a domestic disturbance. The officers had to wrestle with Scholl to disarm him. Scholl testified at trial, and his counsel called Scholl's girlfriend as a trial witness, but [trial] counsel did not call any character witnesses.

On direct appeal, this Court affirmed the convictions but remanded for re-sentencing because the trial court had improperly imposed a mandatory minimum sentence, and the Supreme Court denied allowance of appeal in February 2016. The trial court re-sentenced Scholl to 16 to 32 years [of] imprisonment, on March 16, 2016.

That same month, Scholl filed a *pro se* [first] PCRA petition. The court appointed counsel, who filed an amended petition asserting that Scholl's trial counsel was ineffective for failing to call character witnesses.

***Commonwealth v. Scholl***, 251 A.3d 1208, 2021 WL 798891 (Pa. Super. 2021) (unpublished memorandum at *1) (some capitalization omitted), *appeal denied*, 263 A.3d 1137 (Pa. 2021). The PCRA court denied Scholl's first PCRA petition following an evidentiary hearing. Following additional proceedings not relevant to this appeal, this Court affirmed the order denying Scholl's first PCRA petition, ***see id***. (unpublished memorandum at *3), and our Supreme Court denied allowance of appeal in September 2021.

In November 2021, Scholl filed the instant second PCRA petition *pro se*. The PCRA court appointed Scholl's present counsel,[2] who filed an amended

_____

[2] The PCRA court did not state its basis for appointing counsel for Scholl's second PCRA petition. ***See*** Pa.R.Crim.P. 904(D), (E) and Comment (noting
*(Footnote Continued Next Page)*

PCRA petition asserting several constitutional violations, including a claim that trial counsel had argued in favor of his conviction during closing arguments and a possible suppression issue. Scholl's counsel did not address the timeliness of the petition. The Commonwealth answered and argued that the petition was facially untimely, did not state a timeliness exception, and, in any event, raised previously litigated claims. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely. Scholl's counsel did not respond. The PCRA court dismissed Scholl's petition on August 9, 2022, and Scholl timely appealed. The PCRA court ordered a Pa.R.A.P. 1925(b) statement, and Scholl's counsel timely filed a statement of her intent to file a *Turner*/*Finley* letter brief in the appeal. *See* Pa.R.A.P. 1925(c)(4). Scholl's counsel has filed in this Court a petition to withdraw from representation and a *Turner*/*Finley* letter brief concluding that Scholl's second PCRA petition was time-barred.

Prior to addressing the issue raised for our review, we must assess whether counsel's filings satisfy the technical requirements to withdraw as PCRA counsel. *See Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016) (holding that "prior to addressing the merits of the appeal, we

_____

that Rule 904 "limits appointment of counsel on second or subsequent petitions so that counsel should be appointed **only** if the judge determines that an evidentiary hearing is required" or if the interests of justice require the appointment of counsel (emphasis in original)). However, once appointed, counsel has an obligation to represent her client through an appeal or seek leave of the court to withdraw, even when the case involves a second PCRA petition. **See Commonwealth v. Jackson**, 965 A.2d 280, 284 (Pa. Super. 2009).

- 3 -

must review counsel's compliance with the procedural requirements for withdrawing as counsel"). Counsel seeking to withdraw from PCRA representation must:

> (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. ***Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed pro se or to retain new counsel***. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa. Super. 2019) (internal citations omitted) (emphasis added).

Scholl's counsel has minimally complied with the first three procedural obligations for seeking withdrawal. With respect to the first ***Turner***/***Finley*** requirement that she detail her review of the case, Scholl's counsel simply states that she "reviewed the record" and, "[a]fter careful review of the claims[,]" concluded that the petition was without merit. Petition for Leave to Withdraw, 1/6/23, at 1. For the second ***Turner***/***Finley*** requirement that she list the issues Scholl wished to have reviewed, her letter brief describes the issues Scholl intended to raise as "a request for new trial based on violations of his constitutional rights." ***Turner***/***Finley*** Letter Brief at 4. As to the third ***Turner***/***Finley*** requirement, we note that Scholl's counsel properly identifies the timeliness of Scholl's petition as a threshold issue in her ***Turner***/***Finley*** letter brief. ***See Commonwealth v. Burton***, 158 A.3d 618, 627 (Pa. 2017)

(stating that "[t]he PCRA's time restrictions are jurisdictional in nature, and a court may not entertain untimely PCRA petitions" (internal citation omitted)).[3]

As to the final procedural requirement for withdrawal, the record shows that Scholl's counsel filed in this Court a letter advising Scholl of her intent to withdraw because his petition was time-barred, but she misadvised Scholl that he would have an opportunity to present his own arguments himself or through private counsel if this Court granted her petition to withdraw. *See* Letter to Scholl, 1/6/23, at 1; *see also Muzzy*, 141 A.3d at 510. Similarly, her petition to withdraw, which she stated she attached to her letter, erroneously stated that Scholl could "oppose [the] withdrawal of counsel *at a later date*," Petition for Leave to Withdraw, 1/6/23, at 1-2 (emphasis added).

In response, this Court issued an order identifying the *Muzzy* issues in Scholl's counsel's letter to Scholl. Scholl's counsel thereafter filed a copy of a second letter, in which she apprised Scholl of his appellate rights as follows:

> In response to the enclosed Order from the Superior Court, **please know that you have an immediate right to proceed *pro se* or with privately retained counsel**. You do not need to wait for the Superior Court to issue a decision on the Petition to Withdraw as counsel.

_____

[3] Because this appeal involves a second PCRA petition, we will not find Scholl's counsel's failure to discuss the timeliness of Scholl's PCRA petition in the amended petition, or her minimal compliance with the first three *Turner*/*Finley* requirements, deficient. *See Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999) (noting that a court may consider the timeliness of a PCRA petition *sua sponte*).

*See* Response to Order, 2/3/23 (emphasis in original). This second letter properly advised Scholl of his "immediate right" to proceed in this appeal. However, the additional phrase that Scholl need not wait for a decision in this appeal could continue to mislead Scholl to believe that he could respond after final disposition of this appeal. Furthermore, none of Scholl's counsel's filings with this Court included certificates or proofs of service on Scholl.

Based on the forgoing, we conclude that Scholl's counsel adequately complied with the first three procedural requirement to withdraw as PCRA counsel but has not clearly advised Scholl of the need for his **prompt** response, either *pro se* or with privately retained counsel. Therefore, we direct Scholl's counsel to file and serve Scholl, within fourteen days of the date of this memorandum, with a corrected petition to withdraw and a new (third) letter clearly advising Scholl of his right to proceed *pro se* or with new counsel and that he must immediately exercise his rights before a final decision in this appeal. Scholl's counsel shall attach to this new letter a copy of her corrected petition to withdraw and a copy of her **Turner**/**Finley** letter brief. Scholl's counsel shall also include a certificate of service upon Scholl and file proof of service with this Court. Scholl shall have thirty days from the dates of service of these materials to respond.

Petition to withdraw denied with instructions. Panel jurisdiction retained.